## No. C-769

### Eleanor Ellis v. Donald D. Ellis

(552 P.2d 506)

Decided July 26, 1976.

Carew and Birch, William Lamont Carew, for petitioner.

Blakemore McCarty, for respondent.


*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.


We granted certiorari to review the opinion of the Colorado Court of Appeals in which the designation of the parties is the same and which appears in 36 Colo. App. 234, 538 P.2d 1347.

The husband retired after 29 years of military service and not long after his commencement of a dissolution of marriage proceeding. The parties had been married for the last 20 years of his military duty. After his retirement, he was receiving both retirement pay and compensation from employment. The trial court took into consideration these two sources of income in ordering the husband to make payments to the wife for the support of herself and their minor children. The court declined to grant the wife's request that the retirement pay which would be payable to the husband in the future was "property" subject to division in the dissolution of marriage proceeding. The court of appeals affirmed, as do we.

With one possible minor exception, we approve generally of the majority opinion of the court of appeals.[1]

The statute provides that the court shall "divide the marital property." It further provides:

"All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property,

---

[1] The majority opinion, announced on July 1, 1975 states that "retired pay cannot be attached or garnished." Effective January 1, 1975, the Congress adopted the following statute:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." 42 U.S.C. § 659 (Supp. IV 1974).

This statute was enacted subsequent to the trial court's decree. Assuming *arguendo* that it applies to retirement pay, its adoption prior to the commencement of this dissolution of marriage proceeding would not change the result, *i.e.*, the fact that military retirement pay is subject to garnishment does not make it "property" subject to division in a dissolution of marriage proceeding.

regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property." Section 14-10-113, C.R.S. 1973.

The court of appeals has mentioned that the statute goes no further in the definition of property. We hold, as did the court of appeals, that military retirement pay is not "property" under the dissolution of marriage act. Our reason is that it does not have any of the following elements: cash surrender value; loan value; redemption value; lump sum value; and value realizable after death.

While not mentioned by counsel, the dissent in the court of appeals cites *Questions re Imel v. U.S.A.*, 184 Colo. 1, 517 P.2d 1331 (1974). There, it was held that, upon the *filing* of a dissolution of marriage proceeding, there *vests* in the wife her interest in property accumulated during the marriage and held in the name of the husband. In *Imel* the property involved had market value. Here, we do not reach the question of vesting as the subject under consideration is not "property."

Judgment affirmed.

MR. JUSTICE KELLEY dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.