576 P.2d 186 (1978)
Donald L. ALLRED, Plaintiff-Appellant,
v.
The CITY OF LAKEWOOD, a Municipal Corporation, and the City Council of the City of Lakewood, Les Robuck, the Supervisor of Inspectors for the City of Lakewood, and Nolan Almond, a Zoning Inspector of the City of Lakewood, Defendants-Appellees.
No. 76-773.
Colorado Court of Appeals, Division I.
December 1, 1977.
Rehearing Denied December 22, 1977.
Certiorari Denied March 13, 1978.
*187 Maurice F. Fox, P. C., Dana F. Strout, Wheat Ridge, for plaintiff-appellant.
Roy S. Howard, City Atty., David A. Solomon, Deputy City Atty., Lakewood, for defendants-appellees.
BERMAN, Judge.
This appeal presents the question, one of first impression in Colorado, of whether prior county zoning regulations remain in effect until a newly incorporated city has an opportunity to enact its own zoning regulations. We answer the question in the affirmative.
In December 1967 plaintiff, Donald L. Allred, began using his property in Jefferson County to house a business of manufacturing, selling, and repairing recreational boats. Although the county took no action to terminate the use, that use was not permitted by the applicable county zoning regulations.
On August 26, 1969, the defendant, City of Lakewood, was incorporated. Plaintiff's property was included within the city boundaries.
On November 4, 1969, the city's newlyenacted zoning ordinance took effect. That ordinance also excluded plaintiff's commercial use of his property, and in December 1972, the city notified plaintiff that the use was illegal.
After a series of administrative proceedings were unfavorably concluded, plaintiff filed a complaint against the city seeking relief including a declaratory judgment that his use of his property was a valid nonconforming use, and an injunction prohibiting the city from terminating that use. The court, however, ruled that in these circumstances the county's zoning regulations continued in effect after the city's incorporation until it passed its own ordinance, and accordingly granted the city's motion for summary judgment from which plaintiff brings this appeal. We affirm.
Plaintiff argues that on the date of the city's incorporation, the county's zoning regulations ceased to apply to property included within the new city's boundaries, that from that date until the city's own zoning ordinance became effective no zoning restrictions existed, and that, consequently, in that interim his commercial use was a lawful one. He concludes that when the city's zoning ordinance became effective, his use was then required to be viewed as a valid nonconforming one. We disagree.
Because local subdivisions of government are separate sovereignties and ordinances of one political subdivision are ordinarily of no effect in another, the majority of courts have held that county zoning ordinances cease to apply to land annexed to a city immediately upon annexation. Annot., 41 A.L.R.2d 1463 (1955); see, e. g., Ben Lomond, Inc. v. City of Idaho Falls, 92 Idaho 595, 448 P.2d 209 (1968). Contra, e. g., Highland Village Land Co. v. City of Jackson, 243 Miss. 34, 137 So.2d 549 (1962) (to protect the expectations of persons purchasing land before annexation, prior restrictions remain effective until replaced by the restrictions imposed by the annexing municipality).
Whatever the relative merits of the majority and minority views in cases involving annexation of land by an existing municipality, in cases involving the municipal incorporation *188 of territory formerly governed by a county, Colorado statutes embrace the minority view. The then applicable statute, 1965 Perm.Supp., C.R.S.1963, 139-1-6(1), (now § 31-1-107(1), C.R.S.1973), specifically provided:
"When certified copies of the papers and record entries are made and filed. . . and officers are elected and qualified for such city or town . . . the incorporation thereof shall be complete, whereof notice shall be taken in all judicial proceedings; provided, that the county and its officers shall continue to perform all duties and responsibilities required by law and to apply all zoning, subdivision, and other regulations within the incorporated limits of such city or incorporated town for a period of ninety days after the election of municipal officers. . . or until superseded by municipal ordinance whichever is sooner." (emphasis added)
See also 1969 Perm.Supp., C.R.S.1963, 139-1-10, (Now repealed and reenacted as § 31-2-108, C.R.S.1973 (1975 Cum.Supp.)).
Plaintiff contends that this statute gives extraterritorial effect to county regulations and as such, its purported grant of authority is overly broad and invalid. The statute, however, only reflects the exigencies of incorporating a modern municipality. It is factually and legally impossible for any newly created city to zone land within its territory at the moment of incorporation factually, since planning commissions, inspectors and court systems, i. e., the machinery for handling zoning matters, have not been establishedlegally, since statutes preclude any ordinance, including one regulating zoning, from taking effect until a specified period of time after passage and publication. We therefore find the statute's interim extension of county regulations to newly incorporated municipal territory valid.
In the instant case, it is undisputed that the city was incorporated with its first officers elected on August 26, 1969. In addition, both parties stipulated at trial that an emergency ordinance continuing in full force and effect the zoning regulations of the county within the city "became effective on November 4, 1969." Thus, since the zoning ordinance took effect within the statutory 90-day period of 1965 Perm.Supp., C.R.S.1963, 139-1-6(1), at no time was plaintiff's land unzoned. Accordingly, plaintiff's illegal commercial use did not become a valid, nonconforming one, and the trial court properly granted the city's motion for summary judgment.
Plaintiff contends in his reply brief that the city's emergency ordinance was invalid for failure to comply with statutory provisions regarding title and publication. Since the record does not reflect that this issue was raised at any time in the court below, and since plaintiff's motion for a new trial and its accompanying memorandum is devoid of any allegation of error in this regard, we are foreclosed from considering the matter on review. C.R.C.P. 59(f); Barker v. Colorado Region-Sports Car Club of America, Inc., 35 Colo.App. 73, 532 P.2d 372 (1974). In addition plaintiff's trial stipulations to the contrary independently preclude him from challenging the ordinance's effectiveness on appeal.
Judgment affirmed.
COYTE and KELLY, JJ., concur.