In re MARRIAGE OF John R. DAVIS, Jr., Appellant,

and

Barbara Ann Davis, Appellee.

No. 79CA1119.

Colorado Court of Appeals, Div. I.

June 5, 1980.

Rehearing Denied July 10, 1980.

Certiorari Denied Sept. 29, 1980.

George Alan Holley & Associates, Daniel S. M. Smith, Golden, for appellant.

Frank Plaut, P. C., Lakewood, for appellee.

SMITH, Judge.

In this proceeding for dissolution of marriage, husband appeals the trial court orders pertaining to division of property, maintenance, and attorneys' fees. We affirm in part and reverse in part.

John R. Davis, Jr., and Barbara Ann Davis were married on November 24, 1945, and separated in September 1975.

The evidence at trial revealed that from 1946 until 1970 husband worked for Davis Brothers Wholesale Florist, a family business. He was part owner of the business, holding a one–ninth interest in 1946 and owning one–half of the business when it was sold in 1970. As a result of the sale, husband received a $90,000 down payment and $50,000 each year from 1971 to 1974 when the purchaser defaulted in its payments. Subsequent to protracted litigation, an additional $350,000 was received as payment in full for the sale.

In 1971, the parties acquired a one–third interest in the Black Duck Cattle Company, a corporation which owns and operates a ranch in Minnesota. The other two–thirds interest was owned by their son. The parties lived on the ranch from 1970 to 1974, and husband lived there as well from June 1977 until the date of the hearing. The parties' living expenses were paid from the proceeds of the sale of Davis Brothers Wholesale Florist. Also, since the ranching operation required a great deal of capital, some of the proceeds of the sale of the florist business were infused into the ranch. Husband's only other employment since the sale of the florist business was as a clerk with the Park Floral Company where he earned from $800 to $1,000 per month.

Wife seldom worked outside the home during the thirty–two years of marriage. When she did, she worked in the parking department of Davis Brothers Wholesale Florist during holiday periods, and part–time at a preschool. She had primarily been responsible for raising the children and running the family home.

The parties acquired considerable property during their marriage. The family home was unencumbered and was valued at $76,000. In addition they owned personal property worth in excess of $45,000. The total value of their assets exceeded $500,000.

After presentation of evidence, the order ultimately entered by the trial court divided the parties' assets, awarded maintenance to wife, ordered husband to pay wife's attorney fees, and permanently enjoined husband from "molesting or interfering with or disturbing the peace" of wife.

In the property division, the court awarded husband more than $300,000 in assets consisting of an obligation owed to the parties from the Black Duck Cattle Company in the amount of $180,348, any rights inuring to the parties from the $105,927 contributed by them to the Black Duck Cattle Company, a motor home valued at $11,000, and other personal property worth several thousand dollars. The court awarded wife the family home valued at $76,000, bank accounts in the amount of $139,815, stock valued at $23,690, jewelry in the amount of $22,745, a promissory note in the amount of $14,740, and other personal property valued at $7,025. In addition, each party received one–half of the assets in the joint bank account at the Black Duck State Bank and one–half of the stock in the Black Duck Cattle Company which the parties owned jointly prior to the dissolution. Neither the stock nor the bank account was expressly valued by the trial court.

## Division of Property

Husband argues that the court's award to the wife of all the parties' cash and liquid assets leaves him with practically no marketable or liquid assets while saddling him with extensive debts, and thus constitutes an abuse of discretion. We do not agree.

■ Our review of the record reveals no abuse of discretion. Although assertedly there is a lack of liquidity in the assets awarded to husband, we cannot say that the situation here is substantially similar to the situation in In re Marriage of Lodholm, 35 Colo.App. 411, 536 P.2d 842 (1975), in which the court determined that the trial court abused its discretion, in part, by failing to award liquid assets. Furthermore, we find husband's argument that the court erred in taking into consideration the asset value of the Black Duck Cattle Company to be with-

out merit. Although we agree that the court cannot award corporate assets to individual parties in a dissolution proceeding, the court can, as it did, award to a party any rights he may have because of the existence of corporate assets. Because there was no abuse of discretion, we conclude that the division of property ordered by the trial court is binding on review. In re Marriage of Graham, 194 Colo. 429, 574 P.2d 75 (1979).

## Maintenance

■ Husband next argues that the award of $400 per month maintenance to the wife was inappropriate because, he asserts, there was no evidence relative to the standard of living of the parties prior to the dissolution; because the award exceeded the husband's ability to pay; and because wife was awarded sufficient property to provide for her own needs. We disagree.

The trial court specifically noted in its findings that it had considered all relevant factors specified for the award of maintenance under § 14–10–114, C.R.S.1973, including the financial resources of wife, her ability to meet her needs independently, the time necessary for her to acquire sufficient training to enable her to find employment, the duration of the marriage, the wife's age and physical condition, and the ability of husband to meet his own needs while meeting those of his wife. Furthermore, our examination of the record discloses sufficient indication of the standard of living established during the marriage to enable the trial court to evaluate that standard. The trial court made specific reference to its consideration of the standard so established. Since the trial court has broad discretion in determining the amount of maintenance, Moss v. Moss, 190 Colo. 491, 549 P.2d 404 (1976), we cannot say that, under the evidence presented, its order that husband pay $400 per month maintenance to wife, constituted an abuse of discretion.

## Attorney Fees

■ Husband next attacks the propriety of the court's award of $7,117.30 attor-

ney fees under § 14–10–119, C.R.S.1973 (1979 Cum.Supp.). That section, however, "confers significant discretion on the trial court, and permits consideration of the financial resources of both parties." *In re Marriage of Parker*, 41 Colo.App. 287, 584 P.2d 103 (1978). We find no abuse of discretion, and thus we affirm the trial court in this matter.

### The Permanent Injunction

■ Husband claims that the trial court exceeded its jurisdiction when it permanently enjoined him from "molesting or interfering with or disturbing the peace of the respondent (wife) at any time, at any location." We agree.

The record is devoid of evidence demonstrating any equitable basis for a permanent injunction independent of the marriage relationship of the parties. Thus, if an injunction is to issue, it must issue pursuant to § 14–10–108, C.R.S.1973, and that statute provides only for the issuance of a temporary injunction. Moreover, § 14–10–108(5)(c), C.R.S.1973, states that a temporary injunction will terminate "when the final decree is entered, unless continued by the court for good cause to a date certain . . . ."

Wife asserts, however, that C.R.C.P. 65(h) grants authority to courts in dissolution proceedings to "make prohibitive or mandatory orders . . . as may be just." We reject this reading of the rule. C.R.C.P. 65(h) specifically provides that the rule does not apply to dissolution proceedings. Therefore, any reasons justifying permanent injunctive relief must arise from factors independent of those with which the trial court is empowered to deal in a dissolution proceeding.

Because the court was without authority to grant a permanent injunction in this dissolution proceeding, and because no independent evidence was produced to support one under the rule, the order insofar as it purports to grant a permanent injunction is reversed.

### Future Modification of Maintenance

■ Finally, husband argues that the trial court erred in creating an automatic presumption of unconscionability of the maintenance award, a presumption which is not authorized or contemplated by statute. In its amended decree the trial court declared that if the cost of living rose 25%, "such change will create prima facie showing of changed circumstances, both substantial and continuing as to make the terms of this decree concerning maintenance unconscionable, and shall constitute sufficient basis for either party to apply to this court for a modification of the decree with respect to such matter based upon the change in the cost of living." Husband argues that the statutory provision only permits modification upon motion at the time when the circumstances *have* changed, and that the court has exceeded its jurisdiction by creating a situation which automatically gives rise to a presumption of unconscionability. We agree.

■ Section 14–10–122(1), C.R.S.1973, specifically provides that "the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." There must be evidence of a change of circumstances from the time of the previous decree awarding maintenance or child support to justify a change of the decree's provisions. *Manson v. Manson*, 35 Colo.App. 144, 529 P.2d 1345 (1974).

■ The statute places the burden upon the party who seeks the modification to show changed circumstances so substantial as to make the terms of the decree unconscionable. *In re Marriage of Lodholm, supra.* In our view, the trial court's action here goes beyond its statutory authorization because it removes the burden of proof from the party, who by statute, must prove a change in circumstances substantial enough to justify alteration of the award, and places the burden of refutation on the recipient of maintenance. By rendering the

maintenance order automatically unconscionable at some indefinite future time, the trial court deprived itself, as well as the parties, of the right to have an objective judicial determination in the future, based on the circumstances then existing.

The judgment is affirmed as to the division of property, award of maintenance, and award of attorneys' fees. It is reversed as to the entry of a permanent injunction and as to the provision specifying conditions under which unconscionability will be presumed.

ENOCH, C. J., and COYTE, J., concur.