In re the MARRIAGE OF Sharran M. PRATT, Appellant,

and

Robert B. Pratt, Appellee.

No. 81CA1055.

Colorado Court of Appeals, Div. III.

Aug. 26, 1982.

Bayer, Carey & McGee, P.C., Jennifer I. Holt, Gary L. Palumbo, Denver, for appellant.

Richard E. Hopkins, Boulder, for appellee.

KIRSHBAUM, Judge.

Wife, Sharran M. Pratt, appeals the denial of her motion requesting the trial court to issue a citation to show cause in connection with contempt proceedings filed by wife against husband, Robert B. Pratt. We reverse.

On August 16, 1976, the marriage between wife and husband was dissolved by a decree which incorporated a separation agreement executed by the parties. The separation agreement, which the trial court expressly found to be fair, reasonable, and not unconscionable, contained the following provision:

"It is expressly understood and agreed to by the parties to this Agreement that the monthly support amounts specified in Paragraph 1 of this Article III are based

upon the present monthly net income of the Husband. It is further the intent and desire of the parties that such support payments should increase automatically in the event that the Husband's net monthly income increases without the necessity of the Wife having to apply to the Court for such adjustment. The parties therefore specifically agree that the Husband shall increase such support payment automatically in the event of an increase in his monthly net income by an amount as nearly as practicable of 25% of such monthly net income increase to be divided equally between the two minor children."

On August 5, 1981, wife initiated the contempt proceeding which gives rise to this appeal. Her petition averred that husband had failed to comply with the above provision of the separation agreement, that his net monthly income increased substantially from 1976 through May 1981, that no commensurate increases in child support payments had been made, and that husband was in arrears in child support payments. Concluding that it had no authority to enforce the provision of the agreement because of the decision of this court in *In re Marriage of Davis,* 44 Colo.App. 355, 618 P.2d 692 (1980), the trial court denied wife's request to issue a show cause order.

We agree with wife that the trial court's application of *In re Marriage of Davis, supra,* was in error. In that contested dissolution of marriage proceeding, the *trial court* entered an order stating that a specific escalation in the cost of living index would create a presumption of substantially changed circumstances and unconscionability with respect to the maintenance provisions of its decree. Thus, the *Davis* trial court, in effect, altered the burden of proof faced by a party seeking to modify previously adjudicated support or maintenance provisions of a dissolution. In *Davis,* we determined that that provision exceeded the trial court's statutory authority.

The circumstances here are far different. The trial court in this contempt proceeding was not requested to create any presumption as to unconscionability with respect to

the decree's provision for automatic increases in child support payments. The parties mutually agreed in 1976 that the amount of child support payments to be made by husband would increase in proportion to actual increases in husband's salary. The parties have the liberty to adopt provisions which a trial court may not impose upon them, and the provision at issue here creates no presumption of unconscionability. Hence, we conclude that the trial court has jurisdiction to consider the merits of the request to issue a show cause order here.

The order of the trial court is reversed and the cause is remanded for further proceedings.

SMITH and KELLY, JJ., concur.