In re the MARRIAGE OF Tom Wilfred LAMM, Appellant,

and

Barbara Page Lamm, Appellee.

No. 82CA1395.

Colorado Court of Appeals, Div. IV.

March 1, 1984.

Rehearing Denied April 12, 1984.

DiManna & Jackson, Michael F. DiManna, Denver, for appellant.

Joan S. Brett, P.C., Joan S. Brett, Boulder, for appellee.

SILVERSTEIN,* Judge.

Father, Tom Wilfred Lamm, appeals from an order of the trial court finding valid and enforceable the section in the parties' property settlement agreement which provides for yearly cost of living increases in his child support payments based upon the consumer price index, and in determining an amount of support and accrued arrearages. We affirm.

At issue is the validity and application of Article 4.4 of the parties' agreement, which was incorporated into their 1979 decree of dissolution. Article 4.4 provides:

"Until such time as the minor child of the parties becomes twenty-one (21) or otherwise is emancipated, Husband shall pay to Wife as child support the sum of FOUR HUNDRED ($400.00) DOLLARS per month. When said child becomes twenty-one (21) or otherwise is emancipated, whichever first occurs, child support shall terminate. Beginning January 1, 1980, a cost of living increase shall automatically be in effect. Said increase shall be in the same proportion as the Consumer Price Index cost of living increase for the previous year."

When the parties were unable to resolve their differences as to the amount by which husband was to increase his child support payments, mother, Barbara Page Lamm, initiated this action by filing a "Motion to Issue Contempt Citation." At the hearing

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the Colo. Const., Art. VI, Sec. 5(3), and 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

on her motion, mother offered into evidence calculations of the yearly increases in the consumer price index since 1980 and of the arrearages owed by father for those years. The calculations, prepared by an economist, were based upon the Bureau of Labor Statistics Consumer Price Index for Urban Wage Earners and .Clerical Workers.

The trial court, citing *In Re Marriage of Pratt*, 651 P.2d 456 (Colo.App.1982), found no public policy reason for not enforcing the cost of living provision and further found that the provision was not unconscionable. The court also held that the parties had stipulated to the economist's figures, and it used those figures to calculate the arrearages owed by father and to determine the child support payments for the remainder of 1982. In making its findings, the court pointed out that Article 4.4 did not prevent the parties' from seeking modification or termination of child support pursuant to 14–10–115 and 14–10–122(1), C.R.S.

### I.

 Father argues first that Article 4.4 is in contravention of 14–10–115 and 14–10–122(1) and thus is not enforceable by the court. He relies primarily on the reasoning of this court in *In Re Marriage of Davis*, 44 Colo.App. 355, 618 P.2d 692 (1980). In that case, we held that a court may not, in a contested dissolution proceeding, enter an order creating an automatic presumption that the amount of maintenance becomes unconscionable when there is a specified increase in the cost of living. Such a provision, when imposed by the court, exceeds the statutory authority of the court.

*Davis*, however, is not controlling in this case. Here, the parties themselves agreed that father's child support payments would increase in proportion to the consumer price index increase for the previous year. Since the provision was not imposed by the court, it does not create a presumption of unconscionability. Parties are at liberty

mutually to agree upon provisions for child support which the court could not impose upon them. *In Re Marriage of Pratt, supra; see Halpern v. Anoff*, 247 Ga. 735, 279 S.E.2d 226 (1981).

### II.

 Father next argues that the cost of living provision is too vague and ambiguous to be enforced in that it did not specify which index was to control. However, the father stipulated that, if the court found the cost of living provision to be enforceable, he was "willing to accept" the economist's figures of the amounts due. Accordingly, he has waived this argument. *Nelson v. Lake Canal Co.*, 644 P.2d 55 (Colo. App.1981); *Skeens v. Kroh*, 30 Colo.App. 88, 489 P.2d 347 (1971). Since this contention was withdrawn as an issue before the trial court, it cannot properly be raised in this appeal. *Allred v. Lakewood*, 40 Colo. App. 238, 576 P.2d 186 (1977).

Order affirmed.

ENOCH, C.J., and HODGES,[1] J., concur.

---

1. Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the Colo. Const., Art. VI, Sec. 5(3), and 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).