**In re the MARRIAGE OF Michael L. LAYCHAK, Appellant,**

**and**

**Corrine J. Laychak, Appellee.**

**No. 83CA1318.**

Colorado Court of Appeals, Div. IV.

April 25, 1985.

Rehearing Denied July 3, 1985.

Paula Miller, Colorado Springs, for appellant.

The Law Offices of John B. Ciccolella, Joseph D. Dirscherl, Colorado Springs, for appellee.

SILVERSTEIN [*], Judge.

In this dissolution of marriage proceeding, Michael L. Laychak (husband) appeals that part of the permanent orders relative to the trial court's award of maintenance to Corrine J. Laychak (wife). We reverse as to maintenance and remand.

Husband was in the Air Force for twenty-one years of the parties' twenty-three year marriage. He retired from the U.S.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Air Force in 1980 after serving for twenty-five years, and now manages a liquor store, earning a net of $840 per month. In addition, husband receives $795 per month in military retirement pay. Wife works full-time as a secretary/word processor, earning approximately $810 a month.

Husband's sole contention on appeal is that the trial court erred in awarding wife $375 per month maintenance for her lifetime, not terminable upon remarriage. He challenges the sufficiency of the court's findings as to wife's need for maintenance and as to the amount and duration of the maintenance awarded.

■ Before a trial court may award maintenance, it must make detailed findings of fact concerning the need for maintenance. Specifically, the court must find that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and that she is unable to support herself through appropriate employment. Section 14–10–114(1), C.R.S. (1984 Cum.Supp.); C.R.C.P. 52; *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981).

■ Once the court has determined that the party seeking maintenance meets the statutory threshold of need, it must apply the criteria set out in § 14–10–114(2), C.R.S. (1984 Cum.Supp.) to determine the appropriate amount and duration of the maintenance. *In re Marriage of Krise*, 660 P.2d 920 (Colo.App.1983). Again, the court must make findings of fact which demonstrate the basis for its decision. *In re Marriage of Jones, supra.*

Here, although the trial court determined that an award of maintenance to wife was appropriate, it failed to make the findings as required by § 14–10–114(1), C.R.S., and the record does not disclose the basis for this maintenance award.

■ It is apparent from the record that the trial court relied solely on the fact that the husband was receiving a military pension. The court recognized that under *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976), no part of that pension could be awarded to the wife in the distribution of property. However, it determined that *Ellis* had been modified by *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978), and *In re Marriage of Pope*, 37 Colo.App. 237, 544 P.2d 639 (1975). Consequently, the trial court made it clear that it was in fact awarding 50% of the husband's military pension to wife. This was error.

Both *In re Marriage of Mitchell* and *In re Marriage of Pope*, involved Public Employees' Retirement Association pensions, and the differences between these pensions, and a military pension were carefully and fully delineated in the opinions. These differences cannot be ignored. Thus, the rule in *Ellis* is still the law in Colorado.

■ The court further stated that, in addition to the above ground, the reason it ruled that re-marriage would not terminate the maintenance was because there was no guarantee that, if the wife remarried, her financial condition would thereby improve. Thus, the court was speculating on the future, with no basis for its conclusion. This was an abuse of discretion, and error. *In re Marriage of Hoffman*, 701 P.2d 129 (Colo.App.1985).

Here, neither the husband nor the wife have any objections to the division of property, and the sole issue raised by the husband is whether, in light of the property owned by the wife and her employment income, the wife's circumstances support the maintenance award. "This issue does not implicate any need to adjust the property division." *In re Marriage of Jones, supra.*

That part of the judgment of the trial court awarding maintenance to the wife is reversed, and the cause is remanded to the trial court for further proceedings, to make findings as to the needs and abilities of the parties and, if appropriate, to enter an order for maintenance consistent with this opinion. The remainder of the judgment is affirmed.

ENOCH, C.J., and HODGES *, J., concur.