In re the MARRIAGE OF Harry A. PIERCE, Appellant,

and

Susan J. Pierce, Appellee.

No. 81CA1025.

Colorado Court of Appeals, Div. III.

Nov. 21, 1985.

Rehearing Denied Jan. 9, 1986.

Certiorari Denied June 23, 1986.

McGuane & Malone, Frank L. McGuane, Jr., Denver, for appellant.

C.J. Berardini, P.C., C.J. Berardini, Denver, for appellee.

Law Office of Stephen J. Harhai, Stephen J. Harhai, Denver, for amicus curiae Colorado Bar Assn.

METZGER, Judge.

In this proceeding to modify child support, Harry A. Pierce, husband, appeals from the trial court order, entered subsequent to remand from this court, which rescinded its previous order of child support. We affirm.

The parties' marriage was dissolved in Illinois in 1975. The decree of dissolution incorporated their settlement agreement, which provided for child support with specific increases, including some tied to the cost-of-living index.

In 1980, husband filed the present action, and sought to have the Illinois decree of dissolution converted to a Colorado judgment pursuant to § 14–11–101, C.R.S. (1985 Cum.Supp.). Shortly thereafter, he filed a motion to modify and clarify child support, asking the court to strike the cost-of-living escalator from the decree and further asking the court to reduce child support. The trial court ruled that the cost-of-living escalator was contrary to existing Colorado law and, thus, was unenforceable. The court further ordered that husband's child support payments should be increased to $900 per month.

Husband appealed and, by order issued on January 13, 1984, a division of this court concluded that the trial court's order contained insufficient findings of fact. As a result it remanded the matter to the trial court "for the entry of specific findings and conclusions relative to the amount of child support to be ordered."

Subsequently, *In re Marriage of Lamm*, 682 P.2d 67 (Colo.App.1984) was decided. *Lamm* held that separation agreements between the parties to a dissolution proceeding, which included provisions for increases in child support based upon the consumer price index, were properly enforceable.

On April 13, 1984, the trial court, pursuant to the remand, entered an order which vacated its prior order of $900 per month child support. It reinstated the cost-of-living escalator previously agreed to by the parties in their separation agreement, reasoning that its original order had become erroneous as a matter of law because of the decision in *In re Marriage of Lamm, supra*. The trial court further found that husband had failed to prove a change of circumstances so substantial and continuing as to make the agreement unconscionable, and denied his motion to reduce child support. This appeal resulted.

I.

Husband first contends that the trial court failed specifically to follow the order of remand and, thus, committed error. He argues that the trial court lacked jurisdiction to do more than merely enter findings of fact concerning its original order and that, consequently, its second order is void. This argument is without merit.

A void judgment is a judgment entered where jurisdictional defects exist, and is a nullity. *Davidson Chevrolet, Inc. v. City & County of Denver*, 138 Colo. 171, 330 P.2d 1116 (1958). An erroneous judgment is one rendered in accordance with the method of procedure and practice allowed by law, but contrary to the law. *Davidson Chevrolet, Inc. v. City & County of Denver, supra*. If the trial court has

jurisdiction, it may correct an erroneous judgment. *See Yording v. Walker*, 683 P.2d 788 (Colo.1984); *City of Grand Junction v. District Court*, 193 Colo. 419, 566 P.2d 1077 (1977).

■ Here, the remand order was sufficiently broad to encompass the trial court's action. The remand order returned jurisdiction to the trial court for an explanation of the basis for its child support determination. *See Yording v. Walker, supra; City of Grand Junction v. District Court, supra.*

No jurisdictional defects existed which would render the second order void. Rather, the trial court correctly recognized that, as a matter of law, its first order had become erroneous in light of the holding in *In re Marriage of Lamm, supra.* Because of the broad language of the order of remand and the change in the law, the trial court acted correctly.

Husband's argument, if taken to its logical conclusion, would have us reverse a trial court's order because it correctly followed the law. This we will not do.

### II.

Husband and the Colorado Bar Association as *amicus curiae* argue that the present system of awarding child support needs to be modified and made more uniform. They urge this court to mandate the use of a formula method to calculate child support. The case-by-case method, currently used in Colorado, allows a trial court in its discretion to order either party to pay an amount "reasonable or necessary" for child support after considering all relevant factors. Section 14–10–115, C.R.S. Husband and the Colorado Bar Association submit that this case-by-case determination fails to provide uniformity of results, thus leading to perceived inequities and thereby increasing litigation and contributing to non-payment of support obligations.

They ask that we require the exclusive use of a formula method of determining child support similar to that adopted in *Smith v. Smith*, 290 Or. 675, 626 P.2d 342

(1981). *See also Hamilton v. Hamilton*, 57 N.C.App. 182, 290 S.E.2d 780 (1982). The formula approach takes into account the income of both parents and leaves the determination of the needs of the child to the trial court. For example, if the non-custodial parent earns two-thirds of the total parental income, he or she would pay two-thirds of the amount of support as determined by the trial court.

 The trial courts in this state are imbued with broad discretion in determining child support, and may consider all methods of computation argued. We decline to mandate the exclusive use of the proposed formula, because to do so would invade the province of the General Assembly.

The order is affirmed.

BERMAN and TURSI, JJ., concur.