**In re the MARRIAGE OF Joyce Irene Whelan WOLFORD, Appellant,**

**and**

**Leland Wolford, Appellee.**

**No. 88CA1077.**

Colorado Court of Appeals, Div. V.

Sept. 21, 1989.

Rehearing Denied Oct. 26, 1989.

Certiorari Denied March 5, 1990.

Warren, Mundt, Martin & O'Dowd, P.C., James A. Mundt, Colorado Springs, for appellant.

J. Gregory Walta, P.C., J. Gregory Walta, Colorado Springs, for appellee.

Opinion by Judge RULAND.

Joyce Irene Whelan Wolford (wife) appeals the trial court's denial of her post-dissolution motions to modify maintenance and property division. We affirm.

A decree dissolving the marriage of the parties was entered in March of 1986. At that time, husband's military pension was not considered to be marital property under Colorado law. *See Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976). In the decree, wife was awarded approximately $120,000 in assets other than personal property while husband received approximately $98,-000.

Husband was ordered to pay wife maintenance in the amount of $1,700 per month

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

for 6 months, $1,400 per month for 12 months, and then $800 per month for 60 months. The trial court reserved jurisdiction to examine the status of the parties and to enter a maintenance award based upon the abilities and need of each party at the end of the 60-month period.

In November of 1987, wife filed a motion to modify maintenance. Based upon the decision of our supreme court in *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988), wife filed a motion in March of 1988 to divide husband's military pension. Both motions were considered together and denied.

## I.

■ Wife contends that the trial court erred in refusing to divide husband's military pension pursuant to the rule announced in *Gallo*. The court denied the motion on the basis, among others, that *Gallo* should not be given retroactive application. We agree.

The rule in *Gallo* provides that vested and matured military retirement pay, which has accrued during all or part of a marriage, is marital property subject to equitable division upon dissolution. The court expressly recognized that "the opinion we announce today represents a change in the law of this state." Accordingly, an issue arises as to the retroactive application of that new rule of law. *Loffland Brothers Co. v. Industrial Claim Appeals Panel*, 770 P.2d 1221 (Colo.1989).

In determining whether an appellate decision should receive retroactive application, our supreme court has adopted the standard for civil cases which appears in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *People in Interest of C.A.K.*, 652 P.2d 603 (Colo. 1982). Pursuant to that standard, once it is determined, as here, that a new rule of law has been established, the remaining factors for consideration are: (1) the merits of each case with reference to the purpose and effect of the rule and whether retroactive application will further or retard operation of that rule; and (2) the inequity which may result from retroactive application in

order to avoid injustice and hardship. *See People in Interest of C.A.K., supra; see also Williams v. Trailmobile, Inc.*, 745 P.2d 267 (Colo.App.1987).

Upon consideration of these factors, we conclude that *Gallo* should be applied prospectively only. First, if the property decision issue were reopened for further review, such review would have to extend, by necessity, to all other property previously divided and to any orders for maintenance and attorneys fees that were interrelated with the prior disposition of military retirement pay. *See In re Marriage of Jones*, 627 P.2d 248 (Colo.1981). Conversely, assets awarded to each spouse by the prior decree may have appreciated or depreciated in value, been disposed of, or become otherwise unavailable for division with the result that the trial court would find it extremely difficult, if not impossible, to achieve a fair result. Further, retroactive application of *Gallo* could place a substantial administrative burden on the judicial system by requiring additional hearings in a significant number of cases. *See People in Interest of C.A.K., supra.*

■ Second, a definite public interest exists in assuring the finality of civil judgments through which litigants acquire rights in the judicial process. *McLeod v. Provident Mutual Life Insurance Co.*, 186 Colo. 234, 526 P.2d 1318 (1974). And, this finality is especially important in family law cases. *People v. Coyle*, 654 P.2d 815 (Colo.1982) (addressing violation of custody changes).

Finally, we note that the Uniform Dissolution of Marriage Act was designed to mitigate the potential harm to spouses caused by the process of the legal dissolution of a marriage. Section 14–10–102(2)(b), C.R.S. (1987 Repl.Vol. 6B). Thus, modification of orders pertaining to division of property is generally not permitted. Section 14–10–122(1)(a), C.R.S. (1987 Repl. Vol. 6B). Upsetting rights previously established would not advance these policies. Accordingly, we hold that *Gallo* should not be applied to cases in which final judgment has been entered by the trial court and

appellate review is either completed or barred.

## II.

■ Next, we address wife's contention that the court abused its discretion in denying her request to modify maintenance so that it would permanently continue at the rate of $1400 per month.

In its bench comments denying an increase in support, the court noted that, at the time of the initial decree, maintenance was established at a higher level than was appropriate in order to allow wife to continue with her college education and to obtain a counseling position consistent with that education. The court also indicated that, at the time of decree, it intended to allow wife a period of 18 months for this purpose and then for maintenance to be reduced to an amount more consistent with husband's income. While it was undisputed that wife had not secured suitable employment, the court concluded that there had not been a change of circumstances so substantial and continuing as to warrant a change in the original order.

The issue on a motion to modify is not whether, based on the current financial circumstances of the parties, the court would have awarded the same amount of support. Rather, the question is whether the terms of the original award have become unfair and unconscionable. *In re Marriage of Anderson*, 638 P.2d 826 (Colo.App.1981). When we apply this standard here, we conclude that the court did not abuse its discretion.

Orders affirmed.

METZGER and REED, JJ., concur.