**In re the Marriage of John H. NIXON, Appellant,**

**and**

**Carryn Marie Nixon, Appellee.**

**No. 88CA1278.**

Colorado Court of Appeals,
Div. IV.

Nov. 24, 1989.

Sheldon F. Goldberg, Denver, for appellant.

Solomon & Lindquist–Kleissler, David A. Solomon and Carmen S. Danielson, Denver, for appellee.

Opinion by Judge NEY.

John H. Nixon (husband) appeals from the permanent orders entered in this action dissolving his marriage to Carryn Marie Nixon (wife). We affirm.

## I.

■ We first address whether the trial court lacked jurisdiction to vacate the original final orders and order a new hearing to reconsider the proper classification of the husband's military pension for purposes of equitable distribution.

At the conclusion of the permanent orders hearing in September 1987, the trial court, relying on *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976), ruled that husband's military pension was not property subject to equitable distribution. Prior to the entry of the written permanent orders, the Colorado Supreme Court announced its decision in *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987), in which it overruled *Ellis* and held that a vested pension constitutes property subject to equitable distribution.

The wife, anticipating an adverse ruling in the district court, filed a notice of appeal in this court prior to the entry of the written permanent orders. Eight days later, the trial court entered the written permanent orders. Consistent with the court's prior oral ruling based on *Ellis*, and with no reference to *Grubb*, the court concluded in the written orders that husband's pension was not property subject to division.

On December 9, 1987, the wife filed a timely C.R.C.P. 59(a)(1) motion contending, *inter alia*, that *Grubb* had overruled *Ellis*. On January 12, 1988, the trial court denied the motion, concluding that wife's pending appeal in this court divested it of jurisdiction to rule on the motion.

On January 20, 1988, the wife filed a C.R.C.P. 59 motion for reconsideration, pointing out that C.A.R. 4(a) specifically authorizes the trial court to rule on post-judgment motions under C.R.C.P. 59, notwithstanding the pendency of an appeal. On February 11, 1988, the trial court granted the motion to reconsider, acknowledging its error in denying the first motion. The court vacated the original permanent orders and ordered a new hearing on the question of husband's military pension. Following that hearing, the court concluded that wife is entitled to 48% of the husband's military pension, amounting to $380 per month.

The husband contends that the trial court lacked jurisdiction to vacate the original permanent orders because the court's order granting wife's motion to reconsider was entered beyond the 60–day limit established in C.R.C.P. 59(j). We disagree.

The trial court acted within 60 days of the filing of the wife's C.R.C.P. 59 motion to reconsider. This motion was directed to the court's erroneous ruling that it did not have jurisdiction to rule on the merits of the wife's original C.R.C.P. 59(a)(1) motion.

The primary purpose of a C.R.C.P. 59 motion is to give the court an opportunity to correct any error that it may have made. *In re Marriage of Jones*, 668 P.2d 980 (Colo.App.1983). Here, a timely second post-trial motion under C.R.C.P. 59 assert-

ed a new error in law committed by the trial court in its timely ruling on an earlier C.R.C.P. 59 motion, which could not have been addressed in the original motion. We conclude that under these limited circumstances the later motion may be considered to permit the trial court to correct the error within the time contemplated by C.R.C.P. 59(j) based upon the filing date of the subsequent motion. *Cf. Wright Farms, Inc. v. Weninger*, 669 P.2d 1054 (Colo.App.1983).

The trial court's action in granting the motion and ordering a new trial obviated the necessity for an appeal to this court in order to correct the trial court's erroneous denial of wife's first C.R.C.P. 59 motion and its failure to apply *Grubb* to the classification of husband's military pension. We therefore conclude that the trial court properly exercised its discretion in granting the wife's motion for reconsideration within the time limitations of C.R.C.P. 59(j).

## II.

We also find no error in the maintenance award under the September 6, 1988, permanent orders.

In the original permanent orders, the trial court awarded wife temporary spousal maintenance of $800 monthly for a period of four years. Following the retrial, the court determined that wife was entitled to approximately $380 monthly as her marital share of husband's military pension. The court therefore reduced the maintenance award by $380, to $420 monthly.

Husband argues that the trial court erred in treating the pension both as property subject to division and as a source of income from which the spousal maintenance is to be paid. We find no error.

Matters of spousal maintenance and property division are inextricably interwoven, *In re Marriage of McVey*, 641 P.2d 300 (Colo.App.1981), and the propriety of both awards is measured by the totality of the circumstances. *In re Marriage of Da-Foe*, 677 P.2d 426 (Colo.App.1983). Further, the property division may be equitable without being mathematically equal.

A trial court's determination on questions of property distribution and maintenance will not be disturbed absent a manifest abuse of discretion. *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975).

Here, there is no factual basis for husband's suggestion that he will have to satisfy the maintenance obligation out of income from his share of the military pension. To the contrary, the record establishes that husband receives gross monthly income of $2,275 in addition to his monthly pension payments. Moreover, under the totality of the circumstances, including the duration of the parties' marriage, their present ages, employment capabilities, and economic. circumstances, it was not an abuse of discretion for the trial court to grant wife temporary rehabilitative maintenance for a limited period of four years.

## III.

We also reject the husband's contention that the trial court erred in ordering him to pay approximately one-third of the wife's attorney fees. Contrary to husband's argument, the attorney fee award is amply supported by the record and applicable law. *In re Marriage of Davis*, 44 Colo. App. 355, 618 P.2d 692 (1980).

The order is affirmed.

CRISWELL and HUME, JJ., concur.