**In re the MARRIAGE OF Betty K. BOOKER, Appellant and Cross–Appellee,**

**and**

**Richard L. Booker, Appellee and Cross–Appellant.**

**No. 89CA0769.**

Colorado Court of Appeals, Div. I.

Aug. 16, 1990.

Rehearing Denied Oct. 25, 1990.

Certiorari Granted May 20, 1991.

**406**

Doris Besikof, Denver, for appellant and cross-appellee.

Lozow, Lozow and Elliott, Jon P. Lozow, Denver, for appellee and cross-appellant.

Opinion by Judge SMITH.

Betty K. Booker, wife, appeals an order of the trial court determining that it lacked jurisdiction to consider her post-decree motion for the court to divide the military pension of her ex-husband, Richard L. Booker. Husband cross-appeals, asserting error in the court's distribution of a debt not considered at the time of decree. We affirm in part, reverse in part, and remand for further proceedings.

Wife filed a petition for legal separation in June 1983 and served husband who was out of the country in the Armed Forces by publication, pursuant to C.R.C.P. 4(h). Although the record reflects that he received notice of the permanent orders hearing by registered mail, husband neither answered nor participated in any proceedings. In March 1984, the trial court entered a decree of legal separation and permanent orders. Then, in October 1984, pursuant to wife's request, the court converted the decree of legal separation to a decree of dissolution.

In August 1988, wife filed a motion to divide certain previously undivided property. Specifically arguing that husband's vested and matured military pension had not been divided at the time of decree, wife contended that the trial court had jurisdiction under § 14–10–113(1), C.R.S. (1986 Repl.Vol. 6A) to divide such asset. In February 1989, husband filed a verified motion for judgment based upon his alleged overpayment of child support. Both issues were considered by the court at an evidentiary hearing held on April 13, 1989, at which husband was represented by counsel.

In May 1989, *nunc pro tunc* April 13, 1989, the trial court denied wife's request that it divide the military pension based on the determination that at the time of permanent orders, and under the authority of *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976), husband's military pension was not marital property. The court also concluded that in *In re Marriage of Gallo*, 752 P.2d

47 (Colo.1988), which changed the *Ellis* rule, was not to be retroactively applied.

## I.

■ Wife asserts that *In re Marriage of Wolford,* 789 P.2d 459 (Colo.App.1989), in which we concluded that *Gallo* is not to be applied to cases in which final judgment has been entered by the trial court and appellate review is either completed or barred, is not dispositive under the facts of this case. We agree.

A court, "which at the time of the prior dissolution of marriage lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property," may divide property in a proceeding for disposition of property following the dissolution. Section 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B).

Here, the court lacked personal jurisdiction over husband at the time the decrees were entered. Hence, pursuant to § 14–10–113(1), the court had the authority later to divide property acquired during the marriage.

We conclude that by filing his motion for judgment of overpaid child support in February 1989, husband consented to the personal jurisdiction of the court. *See People in Interest of Clinton,* 762 P.2d 1381 (Colo. 1988). Therefore, at that time, the trial court had jurisdiction to divide husband's military pension, which jurisdiction it lacked when the decree was entered. *See* 10 U.S.C. § 1408(c)(4) 1983 (Uniformed Former Spouses Protection Act). This statute limits the authority of courts to make orders relative to military pensions in dissolution of marriage cases. Since a final judgment regarding the military pension could not have been entered at the time of decree, application of *Gallo* to this action brought under § 14–10–113(1) would not constitute a retroactive application. Therefore, *In re Marriage of Wolford, supra,* does not apply to this case.

## II.

■ In his cross-appeal, husband asserts that the court violated the provisions of § 14–10–122(1)(a), C.R.S. (1987 Repl.Vol. 6B), when it allowed wife a setoff for a marital debt which was overlooked at the time of decree. He also argues that the court should have entered judgment for the amount of support that it found he had overpaid. The court found that there had been an overpayment of child support. It offset against that amount the amount of the debt wife had been required to pay and ordered that wife reimburse husband for the balance due at fifty dollars a month.

Husband agrees that allocation of the debts of the parties is in the nature of a property division. *See also In re Marriage of Faulkner,* 652 P.2d 572 (Colo.1982). Therefore, after it acquired personal jurisdiction over husband in the post-dissolution proceedings, the court could, under § 14–10–113(1), order husband to reimburse wife who had already paid the debt at issue.

In addition, we reject husband's contention that the trial court failed to enter a formal judgment in favor of husband as to the overpayment of support. *See* C.R.C.P. 58(a). The court's order, dated May 8, 1989, *nunc pro tunc* April 13, 1989, relative to that issue, constitutes a judgment as provided for in C.R.C.P. 58(a).

The order is reversed insofar as the court denied wife's request to divide the husband's military pension, and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein. In all other respects, the order is affirmed.

PIERCE and DAVIDSON, JJ., concur.