T.C. Summary Opinion 2004-164

UNITED STATES TAX COURT

DEANNA S. DOTSON AND ROBERT L. DOTSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5321-03S.              Filed December 1, 2004.

DeAnna S. Dotson and Robert L. Dotson, pro sese.

Peter R. Hochman, for respondent.


THORNTON, Judge:  This case was heard pursuant to section
7463 of the Internal Revenue Code as in effect when the petition
was filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a $1,950 deficiency in petitioners' 2000 Federal income tax. The issue for decision is whether petitioners must include in gross income payments that Deanna S. Dotson (hereinafter petitioner) received with respect to her ex-husband's military pension.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulated facts are so found.

On July 5, 1963, petitioner married Chris L. Jefferies (Mr. Jefferies). For some unspecified number of years during the marriage, Mr. Jefferies served in the U.S. Air Force.

In 1980 petitioner filed for a divorce. She and Mr. Jefferies entered into a separation agreement (the separation agreement) to settle their affairs. Paragraph 3 of the separation agreement states in pertinent part:

> The parties make the following disposition and settlement in regard to the real and personal property accumulated by them during the course of their marriage:
>
> *    *    *    *    *    *    *
>
> b) Petitioner shall have and retain one-half of the stocks and bonds currently owned by the parties, the Plymouth van and one-half of Respondent's [Mr. Jefferies'] military retirement income upon his retirement from the military based on 20 years service and at the grade of Lt. Colonel.
>
> *    *    *    *    *    *    *

f) Respondent shall have and retain one-half of the stocks and bonds currently owned by the parties and the Peugeot.

\* \* \* \* \* \* \*

h) Other than hereinafter provided, the parties acknowledge that they have equitably divided the real and personal property between them so that the personal property in each party's possession may remain and be owned by that party free and clear of any claim of the other.

On July 2, 1980, the District Court of El Paso County, Colorado (the divorce court), entered a decree dissolving the marriage between petitioner and Mr. Jefferies. The divorce decree incorporates by reference the provisions of the separation agreement.

In 1992, Mr. Jefferies retired from the military. Petitioner mailed an Application For Former Spouse Payments From Retired Pay, DD Form 2293, FEB 91, to the Defense Finance and Accounting Service (DFAS) in Denver, Colorado. In the application, she requested direct payment from DFAS of 50 percent of disposable retired pay per month based on 20 years of service at the rank of lieutenant colonel and attached a copy of the divorce decree as per the instructions on the application. Starting in January of 1993 and continuing for all relevant periods, petitioner received directly from DFAS monthly payments of $1,080.23 (the military retirement payments). The parties have stipulated that during 2000 petitioner's military retirement payments totaled (ostensibly after rounding) $12,962.

On their 2000 joint Federal income tax return, petitioners included none of the military retirement payments in their gross income. By notice of deficiency dated February 10, 2003, respondent determined that $12,962 of military retirement payments was includable in petitioners' 2000 gross income.[2]

## Discussion

Gross income generally includes income from pensions, including military retirement benefits. Sec. 61(a)(11); secs. 1.61-2(a)(1), 1.61-11(a), Income Tax Regs. Such pension income is generally taxed to the owner of the pension (and not necessarily to the recipient), in accordance with the well-established principle that income from property is taxed to the owner of the property. Eatinger v. Commissioner, T.C. Memo. 1990-310 (citing Helvering v. Clifford, 309 U.S. 331 (1940); Poe v. Seaborn, 282 U.S. 101 (1930); Lucas v. Earl, 281 U.S. 111 (1930)).

---

[2] Petitioner alleges, and respondent does not dispute, that each year since 1995 petitioner has disclosed on her Federal income tax returns her receipt of the military pension payments and included a notation stating her reasons for excluding them from gross income. Petitioner alleges, and respondent does not dispute, that after respondent initially questioned her exclusion of the military pension payments for 1998 and petitioner sent respondent a letter explaining her reasons for claiming the exclusion, petitioner received a "Closing Letter" from respondent dated Nov. 2, 2000, wherein respondent accepted petitioner's explanation and allowed the exclusion of the military pension payments from gross income for 1998. Petitioner alleges, and respondent does not dispute, that a copy of this "Closing Letter" was attached to petitioners' 2000 joint Federal income tax return.

Respondent argues that the military retirement payments are taxable to petitioner because, pursuant to the terms of the separation agreement as incorporated in the divorce decree, she holds an ownership interest in them. For the reasons explained below, we disagree.

Whereas Federal law controls the taxation of the military retirement payments, State law controls in deciding what property interests were created. See United States v. Mitchell, 403 U.S. 190, 196 (1971). Under applicable Colorado law as existent when petitioner's divorce decree was entered, future retired pay to be received under a military retirement pension did not constitute "property" subject to division in a divorce proceeding. Ellis v. Ellis, 552 P.2d 506 (Colo. 1976).[3]

Respondent seems to acknowledge that the holding in Ellis v. Ellis, supra, prevented the divorce court from exercising its equitable powers to divide Mr. Jefferies' future retired military pay. Respondent suggests, however, that through their separation agreement petitioner and Mr. Jefferies accomplished what the divorce court lacked authority to do on its own; namely, give

---

[3] In 1988, the Colorado Supreme Court overturned Ellis v. Ellis, 552 P.2d 506 (Colo. 1976), because of changes in State and Federal law, notably the enactment of the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. sec. 1408 (1982). In re Marriage of Gallo, 752 P.2d 47 (Colo. 1988). The holding in Gallo was prospective in nature only, see In re Marriage of Booker, 833 P.2d 734, 740 (Colo. 1992), and consequently does not affect our analysis.

petitioner an ownership interest in Mr. Jefferies' future retired military pay.

We have no reason to question the validity of petitioner's and Mr. Jefferies' agreement to divide Mr. Jefferies' future "military retirement income".  In Colorado, as elsewhere, parties to a divorce generally "are at liberty mutually to agree upon provisions * * * which the court could not impose upon them."  In re Marriage of Lamm, 682 P.2d 67, 68 (Colo. Ct. App. 1984) (upholding validity of separation agreement requiring automatic increases in child support payments according to cost of living increases, despite Colorado courts' lack of authority to impose such an arrangement).  That said, however, we are not persuaded that the separation agreement gave petitioner any ownership interest in Mr. Jefferies' future military retirement pay.  To the contrary, we believe that under Ellis v. Ellis, supra, at the time of petitioner's separation agreement and divorce decree the future military retirement pay was not "property" in which petitioner could acquire an ownership interest.

As the Colorado Supreme Court explained in In re Marriage of Balanson, 25 P.3d 28, 35 (Colo. 2001), a determination as to property division in a Colorado divorce proceeding "requires two steps:  first, a court must determine whether an interest constitutes 'property'; if so, the court must then determine whether the property is marital or separate."  The lower court's

ruling in In re Marriage of Ellis, 538 P.2d 1347, 1350 (Colo. Ct. App. 1975), affd. 552 P.2d 506 (Colo. 1976), clearly turned on the first step of this two-step analysis. After noting that the relevant dissolution of marriage statute did not define "property", the lower court stated:

> We hold that husband's army retirement pension and the future retired pay to be received thereunder do not constitute 'property' and are, therefore, not subject to division as such * * * . It is a resource of the husband in the nature of income to be received in the future * * * to be considered also as any other 'economic circumstance' of the husband in determining a just division of the marital property * * *. [Id.]

Affirming this ruling and approving the lower court's reasoning, the Colorado Supreme Court stated:

> We hold, as did the court of appeals, that military retirement pay is not 'property' under the dissolution of marriage act. Our reason is that it does not have any of the following elements: cash surrender value; loan value; redemption value; lump sum value; and value realizable after death. [Ellis v. Ellis, 552 P.2d at 507.]

See also In re Marriage of Booker, 833 P.2d 734, 735 (Colo. 1992) (a divorce court order stating that the wife "'shall remain entitled to any and all military benefits'" was construed merely to ensure that the wife continued to receive benefits to which she was entitled as a military spouse rather than as treating the military pension as divisible marital property); In re Marriage of Graham, 574 P.2d 75, 76-77 (Colo. 1978) (citing Ellis v. Ellis, 552 P.2d at 506, as well as a dictionary definition of

"property", in holding that an educational degree was not "property" subject to division in a divorce proceeding).  But cf. Pfister v. Commissioner, T.C. Memo. 2002-198, affd. 359 F.3d 352 (4th Cir. 2004); Witcher v. Commissioner, T.C. Memo. 2002-292, wherein the relevant State statutes (of Virginia and Pennsylvania, respectively) specifically provided that military pension benefits qualified as marital property subject to equitable division.

The mere fact that DFAS made the military retirement payments directly to petitioner, in amounts specified by the divorce court decree, does not mean that petitioner had any ownership interest in the payments.  Pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. sec. 1408 (1982), DFAS is generally required to make direct payments of military retired pay to a former spouse as specified in a court order.[4]  Nothing in the USFSPA, however, creates a property interest where none otherwise exists under applicable State law.

---

[4] Specifically, 10 U.S.C. sec. 1408(d)(1) provides:

> After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments * * * from the disposable retired pay of the member to the spouse or former spouse * * * as directed by court order * * *

See 10 U.S.C. sec. 1408(c)(2) (the USFSPA "does not create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse"); Pfister v. Commissioner, supra ("The USFSPA did not create any right or entitlement to military retired pay").

In conclusion, under applicable Colorado law at the time of the separation agreement and divorce decree, Mr. Jefferies' future retired military pay did not constitute property. Consequently, we are unpersuaded that the separation agreement gave (or could have given) petitioner any ownership interest in any such "property". Rather, consistent with the lower court's reasoning in In re Marriage of Ellis, supra, we conclude that the military retirement payments are most reasonably regarded as periodic payments in satisfaction of petitioner's marital property rights. Accordingly, the military retirement payments are not includable in petitioners' gross income. Cf. Mivec v. Commissioner, T.C. Memo. 1981-695 ("[I]t is well settled that where, upon divorce, a husband makes payments in satisfaction of the property rights of his wife, the amounts received by the wife, even though periodic and incident to a divorce, are capital

in nature and, therefore, are not includable in her gross income under section 71.").

<u>Decision will be entered</u>

<u>for petitioners</u>.