AUGUSTUS G. AND ZELDA LOWE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lowe v. Commissioner
Docket No. 2069-80.
United States Tax Court
T.C. Memo 1981-350; 1981 Tax Ct. Memo LEXIS 394; 42 T.C.M. (CCH) 334; T.C.M. (RIA) 81350; July 6, 1981; As Amended August 10, 1981 Augustus G. Lowe and Zelda Lowe, pro se. Helen T. Repsis, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 1,202 in petitioners' Federal income tax for the year 1975. The issue for decision in this case is whether amounts received by Zelda Lowe out of the Naval retirement benefits of her former husband (1) paid directly to her and (2) for the education of their children constitute taxable income to petitioners under section 61. [1]
FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioners were residents of Farmington, New Mexico, when they filed their petition in this case. Zelda Lowe (hereinafter referred to as petitioner) was married to Charlie J. Clarkson (hereinafter referred to as Clarkson) in October, 1950. Clarkson served twenty-six years in the United States Navy, and he was married to petitioner for most of that time. He retired from the Navy in 1969 *396 or 1970 based upon length of service rather than disability. Petitioner was divorced from Clarkson in January, 1974. A final decree of dissolution was entered in the District Court for the Eleventh Judicial District of New Mexico on January 4, 1974 and an Amended Judgment entered on or about December 23, 1974 to divide the common property of petitioner and Clarkson. The Amended Judgment provided, in part, for the division of Clarkson's Naval retirement benefits as follows: 3. * * * (a) Husband shall pay the Wife the sum of $ 325.00 per month. It is understood that this amount shall not be reduced in any manner, or increased in any manner. (b) Husband shall pay into a trust establish for the education of the children of the parties, the sum of $ 96.74 per month. This trust shall be owned jointly and shall be in the name of both husband and wife. Any monies remaining in this trust shall be divided between husband and wife when the youngest child passes college age or reaches college age and declares in writing that he does not desire to go to college. 4. Husband shall receive all life insurance policies on his own life. Wife shall remain the beneficiary of those policies *397 which are deducted directly from the Husband's retirement benefits. During the year in question, petitioner received direct payments under this agreement of $ 325 per month, totaling $ 3,900 for the year, and $ 96.74 per month was paid into an educational trust, totaling $ 1,160.88 for the year, according to the terms of the Amended Judgment. After petitioner encountered difficulties with taxation of Clarkson's retirement benefits, she sought clarification of the Amended Judgment in the District Court for the Eleventh Judicial District of New Mexico. The resulting court order, filed on May 2, 1979, did not change the amount of petitioner's share of the retirement benefits but did change the trust provision to read: 2. Respondent be, and he is hereby ordered to contribute, towards the education of the youngest child of the parties, for so long as said child is regularly enrolled in an accredited institution of higher learning, and is earning credits towards his first undergraduate degree, as hereinafter limited, a sum to average aver the full calendar year the amount of $ 96.74 per month, to be computed on a cumulative basis. This obligation shall terminate upon the obtaining *398 of the said degree, the declaration in writing by said child that he no longer desires to attend college, or the said child attaining the age of 25 years, whichever first occurs. * * * Upon the termination of Respondent's obligation hereunder, if he has not then contributed towards the said education * * * an amount equal to the said $ 96.74 per month, Respondent will then pay to Petitioner a sum equal to one-half (1/2) of the difference between the total which would have been so paid hereunder calculated at $ 96.74 per month, and the total amount actually paid by Respondent, considering only those payments as hereinabove provided. In addition, the May 2, 1979 Order clarified the $ 325 amount and specifically stated that it was awarded "as a property interest, and not as alimony," with full "property interest[s] * * * permissible by law." OPINION Section 61 defines gross income as "all income from whatever source derived." It includes income from pensions, section 61(11), and alimony, section 61(8). Naval retirement pay generally is included in gross income. Section 1.61-2(a), Income Tax Regs. *399 The exceptions to this general rule are when retirement pay is reduced under a section 122 plan, [2] or is excluded under section 104(a)(4) as "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces." From the pleadings and statements made by petitioner at trial, [3] we can discern only three possible objections to taxation of her share of Clarkson's benefits, namely: (1) that the $ 325 per month should be excluded because it is a property settlement and not alimony or other income to petitioner; (2) petitioner's portion of the $ 96.74 per month educational trust payments is not taxable because payments were not used for her benefit; and (3) double taxation would result if a tax were imposed on her portion of the benefits because the entire retirement amount is subject to withholding tax before payment is made to petitioner. First, we agree with respondent that the District *400 Court's award of $ 325 per month was in a division of the community, rather than separate, property of petitioner and Clarkson, pursuant to a final divorce decree. The characterization of property as community or separate property is made under New Mexico law. United States v. Mitchell, 403 U.S. 190, 195 (1971), revg. 430 F.2d 1 (5th Cir. 1970), affg. 51 T.C. 641 (1969); see Revenue Ruling 63-169, 1963-2 C.B. 14, 16; Stephens v. Stephens, 93 N.M. 1, 595 P.2d 1196 (1979). According to the laws of New Mexico, community property is "property acquired by either or both spouses during marriage which is not separate property." N.M. STAT. ANN. sec. 40-3-8(B). Separate property includes "property designated as separate property by a judgment or decree of any court having jurisdiction." N.M. STAT. ANN. sec. 40-3-8(A)(3). Petitioner's share was not designated as separate property by the New Mexico District Court. In New Mexico retirement pay is an earned property right, and the portion of these benefits earned during *401 marriage becomes property of the community. LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969). See Copeland v. Copeland, 91 N.M. 409, 575 P.2d 99 (1978). The District Court made a proportionate community property division. Accordingly, petitioner is taxable on the monthly payment of $ 325.00. Second, petitioner's interest in the educational trust is a part of the community property division and one half of the $ 96.74 monthly payment was used to fulfill what we view as her obligation under the agreement to contribute towards her children's education. Accordingly, $ 48.37 per month is taxable to her. Finally, because respondent's calculations allowed for petitioner's proportionate share of taxes paid from the gross pension, there is no question of double taxation of these benefits. None of the reductions of or exclusions from taxable military retirement benefits apply to petitioner's portion of the community property here. The property was taxable to the community in the proportion it represented compensation for services rendered during marriage. Bagur v. Commissioner, 66 T.C. 817 (1976); see Wrightsman v. Commissioner, 111 F.2d 227 (5th Cir. 1940); *402 Veit v. Commissioner, 8 T.C. 809, 821 (1947). It is therefore taxable to petitioner to the extent of her community property interest. [4] Accordingly, we hold that payments of $ 373.37 per month from Clarkson's retirement benefits are taxable income to petitioner. Decision will be entered for the respondent.. ORDER
On August 5, 1981, respondent filed a motion for reconsideration of the Memorandum Findings of Fact and Opinion (T.C. Memo. 1981-350) filed in this case on July 6, 1981. Specifically, respondent has requested that the Court sustain the amount of the withholding credit ($527) reflected in his notice of deficiency which shows the percentage of the total net pension received by petitioner Zelda Lowe in 1975. Upon further consideration we think respondent is correct. Accordingly, it is ORDERED: 1. That respondent's motion for reconsideration is granted. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue, unless otherwise indicated.↩
2. Under the Retired Serviceman's Family Protection Plan or under the Survivor Benefit Plan. See section 1.122-1, Income Tax Regs.↩
3. Petitioners did not file a brief in this case.↩
4. Because these payments represent petitioner's interest in community property, they are not alimony. Section 1.71-1(c)(4), Income Tax Regs.↩ (Sections 71(a)(1) and (a)(2) are inapplicable where an interest in property originally belonged to the wife).