T.C. Memo. 2000-37


UNITED STATES TAX COURT


JAMES MESS AND JANET MESS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20371-98.          Filed February 7, 2000.


Alan R. Herson, for petitioners.

Robert V. Boeshaar, for respondent.


MEMORANDUM OPINION

POWELL, Special Trial Judge:  Respondent determined a deficiency in petitioners' 1996 Federal income tax in the amount of $847.

The issue is whether amounts petitioner Janet Mess (petitioner) received from her former husband's military retirement pension during 1996 are includable in gross income

under section 61.[1]  Petitioners resided in Talent, Oregon, at the time the petition was filed.

This case was submitted fully stipulated under Rule 122, and the facts may be summarized as follows.  Prior to 1978 petitioner was married to Jack Wright.  In 1978, they were divorced by a final judgment entered by the Superior Court of California, County of Santa Clara.  At that time, Mr. Wright was entitled to and was receiving retirement pay from the U.S. Navy.  Under the laws of California, petitioner had a community property interest in Mr. Wright's retirement pay.  Under the property settlement incorporated into the final judgment the parties waived "any and all claim[s] to past, present and/or future spousal support".  With regard to Mr. Wright's retirement pay, the agreement provided:

> [Mr. Wright] currently being in receipt of retirement pay from the United States Navy shall pay to Petitioner on a monthly basis an amount equal to 43% of the net amount received by him, or in the event that it is possible considering the tax ramifications, said 43% shall be 43% of the gross received by him if he is not in fact taxed upon said 43%.

In October 1983, the Department of the Navy began directly paying petitioner 43 percent of Mr. Wright's retirement pay.

During 1996 petitioner received $5,676 from the Department of the Navy.  Petitioners did not include in gross income the

---

[1]    Section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

$5,676 on their 1996 joint Federal income tax return. Upon examination, respondent determined that the $5,676 was taxable income.

## Discussion

Section 61(a) defines gross income to include "all income from whatever source derived, including (but not limited to) the following items: * * * (11) Pensions". Military retirement pay is a pension. See Eatinger v. Commissioner, T.C. Memo. 1990-310. The pension payments that petitioner received were made pursuant to her community property interest in the military retirement pension of her former husband. Petitioner, however, argues that, if as originally set forth in the final judgment, her former husband had received retirement payments and she had received the payments from him, the amounts would not be taxable to her. But that is exactly the situation in Eatinger v. Commissioner, supra, where this Court held, on facts substantially identical to those here, that under California law a former spouse had a property interest in the former husband's military pension and, therefore, under section 61 the receipt of the military pension was taxable to her even though it was received through the former husband. The question is, under the applicable California law, to whom the income belongs. The answer here, as in Eatinger, is that it belonged to the former wife, petitioner. See also Graham v.

<u>Commissioner</u>, T.C. Memo. 1996-512; <u>Porter v. Commissioner</u>, T.C. Memo. 1996-475.[2]

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2] Petitioner argues that the burden of proof is on respondent. See sec. 6201(d). The resolution of this case does not depend on which party has the burden of proof.