T.C. Memo. 2001-184


UNITED STATES TAX COURT


KATHERINE A. WEIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11550-99.                         Filed July 23, 2001.


        P omitted from gross income certain payments,
characterized by R as "Pension Income".  P argues that
those payments were received from ex-husband in lieu of
her right to payments under his military pension.
        1.  <u>Held</u>:  Incident to P's divorce from her
ex-husband, P received as her separate property an
interest in ex-husband's military pension, and payments
by ex-husband to her pursuant to agreement were gross
income to her pursuant to sec. 61(a)(11), I.R.C.
        2.  <u>Held</u>, <u>further</u>, P is liable for an addition to
tax under sec. 6651(a), I.R.C., and a penalty under
sec. 6662(a), I.R.C.


<u>Bruce A. Meyers</u>, for petitioner.

<u>David A. Conrad</u>, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  By notice of deficiency dated January 22, 1999 (the notice), respondent determined deficiencies in, additions to, and penalties with respect to, petitioner's 1994 and 1995 Federal income taxes as follows:

| | | Additions to Tax/Penalty Under | | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 | Sec. 6662(a) |
| 1994 | $4,662 | $431 | $31 | $932 |
| 1995 | 4,788 | 2,765 | 468 | -- |

Respondent has since conceded the section 6651(a) addition to tax for 1995.  We accept that concession.  Besides the remaining additions to tax and penalty, the issue for decision is whether there are deficiencies in tax on account of petitioner's omission from income of certain payments, characterized by respondent as "Pension Income".  This case has been submitted for decision without trial, pursuant to Rule 122.  Facts stipulated by the parties are so found.  The stipulation of facts filed by the parties, with attached exhibits, is included herein by this reference.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Germany at the time the petition was filed.

On December 15, 1956, petitioner married Robert E. Mooney (ex-husband) in Dale City, California. Subsequent to their marriage, ex-husband served in the U.S. Armed Forces. On February 26, 1979, petitioner and ex-husband entered into an agreement styled "Separation Agreement" (the agreement), which agreement was occasioned by their separation and desire to live apart. Among other things, the agreement states that the parties thereto desire to determine property and other rights growing out of their marriage. In pertinent part, the agreement provides:

> 15. MILITARY RETIREMENT PENSION: The Husband agrees to pay to the Wife her community property interest in his military retirement pension upon receipt thereof. The Wife's interest shall be determined by taking one-half (½) of a fraction of the military retirement pension, which fraction shall have as its numerator the number of years that the Husband and Wife were married during the Husband's service on active duty and as its denominator the total number of years of active duty upon which the Husband's retirement benefits are based;
> * * *

On August 24, 1979, petitioner and ex-husband entered into an agreement styled "Addendum to Separation Agreement" (the addendum), which, in pertinent part, states the following:

> 6. The Petitioner Wife hereby waives any claim to spousal support from the Respondent Husband having been advised that by such a waiver, spousal support is forever resolved and she may not later request the Court for any allowance of spousal support from the Respondent Husband. This waiver in no way waives the

Petitioner Wife's rights regarding the military retirement pension in which she has a vested community interest and which said pension rights are set forth in the Separation Agreement herein.

On September 26, 1979, an interlocutory judgment of dissolution of marriage (the interlocutory judgment) was entered in the Superior Court of California, County of Napa (Superior Court). Among other things, the interlocutory judgment incorporated both the agreement and the addendum.

On January 3, 1980, a final judgment of dissolution of marriage (the final judgment) was entered in the Superior Court, which, among other things, incorporated and made binding all of the provisions of the interlocutory judgment, and restored petitioner and ex-husband to the status of single persons.

By personal check, ex-husband paid petitioner $16,641 and $17,098 in 1994 and 1995, respectively (without distinction, the payments). Petitioner did not report the $16,641 payment on her 1994 Federal income tax return, nor did she report the $17,098 payment on her 1995 Federal income tax return.

Petitioner filed her 1994 Federal income tax return (the 1994 return) no earlier than May 20, 1996. The 1994 return shows a total tax due of $6,798.97 and total payments of $9,871.12.

The notice contains a statement of income tax changes showing increases of $16,641 and $17,098, for 1994 and 1995, respectively, with the explanation "Pension Income". The notice further explains that petitioner received those sums from

ex-husband, which sums constitute gross income that petitioner did not report on her income tax returns. The notice states that the total tax shown on petitioner's 1995 Federal income tax return (the 1995 return) is $13,431 and that petitioner made total payments of $7,161.

By the petition, petitioner assigns error to respondent's determination of deficiencies, additions to tax, and a penalty. Among the averments made by petitioner is that the payments were transfers of property incident to divorce pursuant to section 1041.

## Discussion

### I. Deficiencies in Tax

#### A. Introduction

Petitioner was divorced from ex-husband on January 3, 1980. Incorporated into the final judgment was the agreement by which ex-husband agreed to pay to petitioner "her community property interest in his military retirement pension upon receipt thereof". The payments were made pursuant to the agreement. We must determine whether the payments constitute items of gross income to petitioner.

#### B. Pension Payments

In pertinent part, section 61(a) provides: "gross income means all income from whatever source derived, including (but not limited to) the following items: * * * (11) Pensions".

Petitioner does not argue, nor would we agree, that military retirement pay is not a pension within the meaning of section 61(a)(11). See, e.g., Eatinger v. Commissioner, T.C. Memo. 1990-310 (stating, without discussion: "A military retirement pension, like other pensions, is simply a right to receive a future income stream from the retiree's employer."); sec. 1.61-11, Income Tax Regs. ("Pensions and retirement allowances paid either by the Government or by private persons constitute gross income unless excluded by law."). Nor does petitioner argue, nor would we agree, that pension payments are not gross income to a divorced spouse who, upon the division of the property of the marital community attendant to the divorce, received the right to those payments as her separate property. See, e.g., Eatinger v. Commissioner, supra; Lowe v. Commissioner, T.C. Memo. 1981-350.

C. Petitioner's Argument

Petitioner relies on the following points:

> At the time of the divorce, the Court ordered that Petitioner's ex-husband, Robert Mooney, make settlement payments to her in lieu of her community property interest in the military retirement benefits. Weir received cash settlement payments while her ex-husband, Robert Mooney, received the military retirement benefits as his separate property. At the time of the divorce, the equal division of the community was considered a nontaxable partition of the property. Whereas, this equal division of the community is considered a nontaxable partition of the property.

> Petitioner's divorce became final on January 3, 1980.

Petitioner's view of the facts is that, on that date, an

approximately equal division of the community was made, with petitioner giving up her interest in ex-husband's military retirement pension (the pension) and receiving in lieu thereof "cash settlement payments" (the settlement payments). Relying on Balding v. Commissioner, 98 T.C. 368 (1992), discussed infra, petitioner argues that such exchange was nontaxable. Without further discussion, petitioner concludes that the payments were not items of gross income.

D. Discussion

1. The Agreement

In pertinent part, the agreement provides: "The Husband agrees to pay to the Wife her community property interest in his military retirement pension upon receipt thereof." (Emphasis added.) In pertinent part, the addendum provides: "This waiver in no way waives the Petitioner Wife's rights regarding the military retirement pension in which she has a vested community interest". (Emphasis added.) We have no doubt that, at the time petitioner and ex-husband executed the agreement and addendum, they assumed the pension to be community property. We also have no doubt that petitioner understood that the pension was not an asset that could be liquidated, so that she would immediately receive a portion of the proceeds. While it is true that the agreement contemplates that ex-husband would collect the pension payments, petitioner has failed to convince us that she and

ex-husband intended by that arrangement anything other than that he would act as a collection agent on her behalf.  We do not read the agreement as allocating the pension in full to the ex-husband and, on account thereof, other community property of an equal value to petitioner.  Petitioner has cited no case interpreting language similar to that in the agreement in the manner advocated by petitioner.  We find that, pursuant to the agreement and incident to the divorce, petitioner received an interest in the pension as her separate property.

2.  <u>Tax Consequences to Petitioner on Receipt of Her Separate Property Interest in the Pension</u>

Section 1041 deals with transfers of property between spouses or incident to divorce.  In general, it provides that (1) no gain or loss shall be recognized to the transferor on such a transfer and (2) the transferee succeeds to the transferor's basis.  It is arguable that section 1041 has no application to an equal-in-value division of the property of a marital community, since there is no transfer of property but only a partition of the community.  See <u>Commissioner v. Mills</u>, 183 F.2d 32, 34 (9th Cir. 1950), affg. 12 T.C. 468 (1949); <u>Walz v. Commissioner</u>, 32 B.T.A. 718, 720 (1935).

In any event, section 1041 is inapplicable to any transfer in 1980 incident to either the agreement or the final judgment, since any such transfer would be pursuant to an instrument that predates the effective date of section 1041.  See sec. 421(d) of

the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 793 (adding section 1041, generally effective for transfers after July 18, 1984, but, in some cases, effective for transfers after December 31, 1983).

Law predating section 1041 establishes that, in the case of an approximately equal division of community property on divorce, no gain is recognized on the theory that no sale or exchange has occurred but only a nontaxable partition, and the basis of the property set aside for each spouse is its basis to the community prior to the divorce. See, e.g., Carrieres v. Commissioner, 64 T.C. 959, 964 (1975), affd. per curiam 552 F.2d 1350 (9th Cir. 1977).

Since we assume that there was here an approximately equal division of the community property, petitioner recognized no gain (or loss) on receipt of her separate property pension rights. We assume that the community's, and her, basis in those rights was zero.

### 3. Receipt of Payments

Petitioner had no basis in her separate property pension rights. Petitioner was taxable in full on receipt of the payments. See sec. 61(a)(1); Eatinger v. Commissioner, supra. It is of no moment that the payments were collected by the ex-husband. See Mess v. Commissioner, T.C. Memo. 2000-37; Eatinger v. Commissioner, T.C. Memo. 1990-310.

II.  Additions to Tax and Penalty

     A.  Introduction

     Section 6651(a) provides that an addition to the tax shall
be imposed in the case of failure to file a return, "unless it is
shown that such failure is due to reasonable cause and not due to
willful neglect".  Section 6654(a) provides that an addition to
tax shall be imposed in the case of any underpayment of estimated
tax by an individual.  Section 6662(a) provides for a penalty
equal to 20 percent of the underpayment in tax attributable to,
among other things, negligence or disregard of rules or
regulations (without distinction, negligence).  See sec.
6662(b)(1).  The penalty for negligence will not apply to an
underpayment in tax to the extent that the taxpayer can show both
reasonable cause and the taxpayer acted in good faith.  See sec.
6664(c)(1).  Negligence has been defined as the failure to
exercise the due care of a reasonable and ordinarily prudent
person under like circumstances.  See Neely v. Commissioner,
85 T.C. 934, 947 (1985).

     B.  Petitioner's Position

     In the petition, petitioner assigns error to respondent's
determination of additions to tax and penalty, but she sets forth
no facts in support of that assignment of error.  On brief,
petitioner argues:

          The Commissioner has assessed a [sic] penalties
     against Weir under sections 6651(a)(1), 6654, and

6662(a) of the Code. Weir should not be liable for these penalties, since she had reasonable cause for relying on the language of the Separation Agreement showing that her ex-husband was awarded all interest in the military retirement benefits and she merely received settlement payments from him and that it was not due to willful neglect.

C. Burden of Proof

There is some question here as to who bears the burden of proof with respect to the additions to tax and penalty. Section 7491(c) provides: "Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." The burden imposed by section 7491(c) is only to come forward with evidence regarding the appropriateness of applying a particular addition to tax or penalty to the taxpayer. Respondent need not negate all defenses to the additions or penalties. See Higbee v. Commissioner, 116 T.C. ___, ___ (2001). Section 7491 is effective for court proceedings arising in connection with examinations commencing after July 22, 1998. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726. The notice is dated January 22, 1999. The parties have not informed us whether the examination commenced on or before July 22, 1998. Respondent assumes that petitioner bears the burden of proof, and petitioner does not address the issue. Whether section 7491(c) applies or

not, we think that, except as noted with respect to the addition to tax under section 6654, the evidence is sufficient to sustain the remaining additions to tax and the penalty.

Petitioner's 1994 Federal income tax return was filed no earlier than May 20, 1996.  She received an automatic extension to file and pay until June 15, 1995.  See sec. 1.6081-5, Income Tax Regs.  Subsequently, she was granted an additional 2-month extension to file, so that her return was due by August 15, 1995. Petitioner, therefore, failed to file her return by the date prescribed in section 6651(a)(1).  Further, on the face of the 1994 return, there is a substantial underpayment.  Thus, even if respondent bears the burden of production because of section 7491(c), he has sustained that burden with respect to the addition to tax and penalty determined under sections 6651(a) and 6662(a), respectively.

D.  Petitioner's Defenses

Petitioner has no defense to the additions to tax under section 6651(a) for failure to file.  Petitioner's defense to the penalty under section 6662(a) for negligence is that she had reasonable cause for "relying on the language of the Separation Agreement".  We take that claim to be that there was reasonable cause for the underpayment because petitioner had reasonable cause for relying on the agreement.

Petitioner has failed to demonstrate that reasonable cause. None of the stipulated facts directly addresses what caused petitioner to come to any conclusion about the agreement, nor can we infer from those facts what it was that caused her to come to any conclusion. All we have in evidence is the agreement, itself, which we have found to contradict petitioner's interpretation. We do not find the agreement to be ambiguous, so that, without more (e.g., the opinion of counsel), we cannot conclude that petitioner had reasonable cause for reaching the interpretation she did.

We sustain respondent's determination of the addition to tax under section 6651(a) and the penalty under section 6662(a).

E.  <u>Section 6654</u>

Respondent determined additions to tax under section 6654 (the section 6654 additions) for failure to pay estimated tax. On brief, respondent states:  "Petitioner underpaid her estimated tax in both 1994 and 1995 because she erroneously failed to report the payments from Mr. Mooney as pension income. Therefore, she is liable for the  * * * [section 6654 additions to tax]."

Since petitioner filed returns for both years in issue, section 6665(b) provides, in general, that the section 6654 additions are not treated as taxes for purposes of the deficiency

procedures provided for in subchapter B, chapter 63 of the Code
(sections 6211 through 6216).  Section 6214(a) provides:

> SEC. 6214.  DETERMINATION BY TAX COURT.
>
>    (a) Jurisdiction as to Increase of Deficiency,
> Additional Amounts, or Additions to the Tax.--Except as
> provided by section 7463, the Tax Court shall have
> jurisdiction to redetermine the correct amount of the
> deficiency even if the amount so redetermined is
> greater than the amount of the deficiency, notice of
> which has been mailed to the taxpayer, and to determine
> whether any additional amount, or any addition to the
> tax should be assessed, if claim therefor is asserted
> by the Secretary at or before the hearing or a
> rehearing.  [Emphasis added.]

Whether we have jurisdiction to determine the section 6654
additions turns on the meaning of the underscored portion of
section 6214(a).  Cf., e.g., Estate of Nemerova v. Commissioner,
T.C. Memo. 1998-186, holding that, with respect to the additions
to tax there in question, under section 6651(a)(1) and (2), we
had jurisdiction under section 6214(a) to determine so much of
the addition under section 6651(a)(1) as was applicable to the
deficiency in tax and the addition under section 6651(a)(2).  We
held that we have no jurisdiction to determine the addition under
section 6651(a)(1) applicable to the tax assessed by respondent
upon receipt of the return.

Neither party has addressed our jurisdiction to consider the
section 6654 additions.  Nevertheless, we believe that respondent
erred in determining those additions.  We shall set forth our

analysis of the issue for the parties' consideration, and we shall enter decision under Rule 155.

In pertinent part, section 6654(a) provides:

in the case of any underpayment of estimated tax by an individual, there shall be added to the tax * * * an amount determined by applying--

> (1)  the underpayment rate established under section 6621,
> (2)  to the amount of the underpayment,
> (3)  for the period of the underpayment.

The amount of the underpayment is the excess of the required payment over the amount of the installment paid.  See sec. 6654(b)(1).  The amount of the required payment is 25 percent of the required annual payment.  See sec. 6654(d)(1)(A).  The required annual payment is the lesser of (1) 90 percent of the tax shown on the return for the taxable year, or (2) 100 percent of the tax shown on the return for the preceding year.  See sec. 6654(d)(1)(B).

Respondent's determination that petitioner underpaid her estimated taxes is based on petitioner's tax liability as determined in the notice.  Respondent uses an incorrect basis for determining whether petitioner underpaid her estimated taxes. Petitioner's estimated tax liability is based on her tax liability as stated on her original tax returns, and not on the notice of deficiency or her ultimate tax liability.  See Gleason v. Commissioner, T.C. Memo. 1990-110; Warda v. Commissioner, T.C. Memo. 1988-572; Sampson v. Commissioner, T.C. Memo. 1986-231.

The 1994 return shows a total tax due of $6,798.97 and total payments of $9,871.12. Therefore, based on the 1994 return, petitioner overpaid her taxes for 1994 and did not have an underpayment.

The record does not contain a copy of the 1995 return. Nevertheless, the notice states that the total tax shown on the 1995 return is $13,431 and that petitioner made total payments of $7,161. Therefore, the 1995 tax return reflected an underpayment of tax in the amount of $6,270. Petitioner did not make payments in 1995 that equaled 90 percent of the tax shown on the 1995 return. However, petitioner's estimated tax payments in 1995 of $7,161 were more than 100 percent of the tax that had been shown on the 1994 tax return--$6,798.97. Therefore, we calculate that petitioner satisfied the safe harbor provisions of section 6654(d)(1)(B). Respondent does not contest that the safe harbor does not apply.

<u>Decision will be entered under Rule 155</u>.