PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GAY M. PFISTER,
             *Petitioner-Appellant,*

v.                                                      No. 02-2288

COMMISSIONER OF INTERNAL REVENUE,
             *Respondent-Appellee.*

Appeal from the United States Tax Court.
(Tax Ct. No. 00-1846)

Argued: October 28, 2003

Decided: February 27, 2004

Before LUTTIG, WILLIAMS and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion in which Judge Luttig and Judge Williams joined.

## COUNSEL

**ARGUED:** Mark Edward Kellogg, BECKER, HADEED, KEL-LOGG & BERRY, P.C., Springfield, Virginia, for Appellant. Karen Deborah Utiger, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Eileen J. O'Connor, Assistant Attorney General, Kenneth L. Greene, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

**OPINION**

GREGORY, Circuit Judge:

Gay M. Pfister ("Pfister") appeals from the United States Tax Court's decision that there is a deficiency in income tax due for the taxable year 1997, in the amount of $3,654.00 for a $13,061.00 payment she received as her portion of her ex-husband's disposable retirement pay for that year. The issue is whether the Tax Court correctly held that the $13,061.00 payment made to Pfister by the Defense Finance and Accounting Service ("DFAS"), pursuant to a Property and Support Settlement Agreement ("Agreement") and a valid divorce decree, is not excludable from income under 26 U.S.C. § 61(a). Finding no reversible error, we affirm.

**I.**

The facts were fully stipulated before the Tax Court, so they are not in dispute before us. The case may be summarized as follows. Pfister and her former husband were married on July 15, 1961. Pfister's ex-husband served in the United States Air Force for twenty-two years, retiring in January 1982. Upon his retirement, Pfister's former spouse was entitled to and did receive a pension. The couple decided to divorce several years after Pfister's former husband retired. In anticipation of their divorce, the couple entered into an Agreement on March 13, 1986, which provided that Pfister "shall be **owner** of, and receive, one-half of husband's disposable retired or retainer pay, *i.e.*, during the joint lives of the parties, the husband and wife shall each receive one-half of husband's disposable retired or retainer pay, as defined in [Uniformed Services Former Spouses' Protection Act, Pub. L. 97-252, 96 Stat. 718, 730-731 (1982) ('USFSPA')]". (J.A. at 35) (emphasis added.) The couple divorced on April 1, 1986, and the Fairfax County Circuit Court incorporated the terms of the parties' Agreement into the final divorce decree.

Believing the payments to her were neither "alimony" nor "retirement" pay, Pfister treated the payments she received during 1997 as non-taxable distributions for purposes of her 1997 income tax return. In 1999, the IRS sent Pfister an income tax deficiency statement for the 1997 tax year, stating that she owed $3,654.00 in taxes on the

$13,061.00 she received from her former husband's pension for that year. (J.A. at 21.) Pfister challenged the IRS's classification of the payments as taxable income. On February 15, 2000, the Tax Court held that the pension payments constituted taxable income to Pfister, on which she owed a tax deficiency. This appeal followed.

## II.

On appeal, we are only presented with disputed legal issues because, as previously stated, the parties submitted stipulated facts to the Tax Court. Therefore, we review the Tax Court's legal conclusions de novo. *See Estate of Godley v. Comm'r*, 286 F.3d 210, 213 (4th Cir. 2002); *Waterman v. Comm'r*, 179 F.3d 123, 126 (4th Cir. 1999); *Ripley v. Comm'r*, 103 F.3d 332, 334 n.3 (4th Cir. 1996).

## III.

Gross income is defined as "all income from whatever source derived." 26 U.S.C. § 61(a). Congress expressly provided that pensions are a source of income. *Id.* § 61(a)(11). Pfister does not contend that her ex-husband's military retirement pay is not a pension; rather, based upon Pfister's flawed interpretation of the USFSPA's definition of "disposable retired pay," 10 U.S.C. § 1408(a), Pfister contends that she is statutorily entitled to her portion of her former husband's retirement pay without any tax liability. Pfister's argument is without merit.

In 1986, when the Pfisters divorced, § 1408 defined "disposable retired pay" as "the total monthly retired or retainer pay to which a member is entitled less amounts which . . . are properly withheld for Federal, State, or local income tax purposes. . . ." 10 U.S.C. § 1408(a)(4). Based upon that definition, Pfister claims that "it should be clear that § 1408 contemplates that a spouse is to receive payment after federal taxes have been charged to the *owner* of the pension." (Appellant's Br. at 9) (emphasis added.) Essentially, Pfister argues that because "disposable retired pay," by definition, is calculated after taxes are withheld, it should not be taxed upon payment to the retiree's spouse or former spouse. Implicit in that argument is Pfister's contention that she is not the *owner* of one-half of her former hus-

band's retirement pay. Therefore, the issue becomes whether Pfister owns her portion of her ex-husband's retirement pay.

## IV.

We hold that Pfister is the owner of one-half of her former husband's retirement pay, and she is therefore liable to pay the assessed income tax deficiency. When Congress passed the USFSPA in 1981, it enabled spouses and former spouses of military retirees to have an ownership interest in a retiree's retirement pay. Prior to this legislation, the Supreme Court held in *McCarty v. McCarty*, 453 U.S. 210 (1981), that a military retiree's retirement pay was property in which the retiree's spouse or former spouse could not claim an interest. The USFSPA was passed for the sole purpose of overturning *McCarty*. *See* S. Rep. 97-502 (stating that the purpose of the USFSPA was to "remove the effect of the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210 (1981)"). Under the USFSPA, federal, state, and other courts may now divide military retirement pay when "fixing the property rights between the parties to a divorce, dissolution, annulment or legal separation." S. Rep. 97-502. Specifically, the USFSPA provides in pertinent part:

> a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, *either as property solely of the member or as property of the member and his spouse* in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce . . . affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat . . . any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C. § 1408(c)(emphasis added.) Because Pfister's former husband began receiving his retirement pay after 1981, and the couple divorced after 1981, it is, therefore, undisputed that the terms of the USFSPA apply to the retirement pay at issue.

Pfister seems to argue that, for tax purposes, she is not the "owner" of one-half of her former husband's pension. Pfister's argument, however, cannot be reconciled with the text of the USFSPA or with the couple's own intent. Pfister and her former husband stated in their Agreement that she would be the "*owner* of, and receive, one-half of husband's disposable retired or retainer pay" for the rest of the Pfisters' lives. (J.A. at 42) (emphasis added). Furthermore, in April 1986, the Fairfax County Circuit Court incorporated the previous language into the Pfisters' final divorce decree, as it was authorized to do pursuant to the USFSPA. Pfister, therefore, is undoubtedly the owner of one-half of her ex-husband's military retirement pay, and as the owner, she is liable for any applicable income taxes.

It is well established that military retirement payments "are gross income to the party who owns the right to those payments pursuant to the division of property in a divorce." *Weir v. Comm'r*, 82 T.C.M. (CCH) 281, 283 (2001). *See also Eatinger v. Comm'r*, 59 T.C.M. (CCH) 954, 957 (1990) (same); *Lowe v. Comm'r*, 42 T.C.M. (CCH) 334, 336 (1981) (same). Moreover, as the Tax Court noted, "[i]t is axiomatic in Federal tax law that income is taxable to the legal owner of the * * * property producing the income." (J.A. 43.) (quoting *Miles Prod. Co. v. Comm'r*, T.C. Memo. 1969-274, *aff'd*, 457 F.2d 1150 (5th Cir. 1972)). Pfister provides no theory on which to contradict this conclusion. Accordingly, we conclude that the Tax Court properly deemed Pfister to be the owner of one-half of her former husband's military retirement pay.

## V.

Finally, Pfister contends that the Tax Reform Act of 1984 ("Act"), shields her portion of her former spouse's retirement pay from income tax liability. The Act generally provides that "[n]o gain or loss shall be recognized on a transfer of property from an individual to (1) a spouse, or (2) a former spouse, but only if the transfer is incident to the divorce." 26 U.S.C. § 1041(a). A transfer of property is "incident to divorce" if it either "(1) occurs within one year after the date on which the marriage ceases, or (2) is related to the cessation of marriage." *Id.* at § 1041(c). Further, the Act provides that the transferee succeeds to the transferor's basis. *Id.* at § 1041(b)(2).

Pfister argues that the payments she receives from her former husband's retirement pay constitute transfers of property incident to divorce, which are not taxable. Pfister's argument is erroneous. Pfister receives her portion of the retirement payments as separate property, in accordance with the provisions of the USFSPA and pursuant to a valid divorce decree, which incorporated the parties' Agreement, making Pfister owner of one-half of her ex-husband's retirement pay. As the Tax Court previously held, "[t]he acquisition of this property *right* by petitioner may be a transfer of property subject to section 1041, but, like her former husband, petitioner had no basis in this property, and the *distributions* from the pension are includable in petitioner's gross income." (J.A. 49) (emphasis added.) Pfister is correct when she asserts that the actual transfer of the property right is a nontaxable event, but the income *produced* from the property transferred is a taxable *distribution*, for which she is responsible to pay income taxes.

## VI.

Finding no reversible error, we affirm the Tax Court's decision that there was a deficiency in income tax due from Pfister for the portion of her ex-husband's retirement payment she received during the taxable year 1997.

*AFFIRMED*