T.C. Memo. 2012-347

UNITED STATES TAX COURT

JOHN CRAIG SCHULLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7577-11, 12954-11.          Filed December 18, 2012.

John Craig Schuller, pro se.

Blaine Charles Holiday, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  In these consolidated cases respondent determined

deficiencies and penalties with respect to petitioner's Federal income tax as follows:

[*2]

|  | Year | Deficiency | Penalty Sec. 6662(a) |
|---|---|---|---|
|  | 2007 | $8,306 | --- |
|  | 2008 | 8,413 | $1,683 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for our consideration are: (1) whether petitioner's pension and annuity income for tax years 2007 and 2008 of $15,384 and $15,738, respectively, should be included in gross income; (2) whether petitioner is entitled to claim deductions for alimony for tax years 2007 and 2008 of $15,384 and $15,738, respectively, and if so, whether petitioner has additional pension income equal to those amounts; and (3) whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a) for tax year 2008.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioner resided in California when he filed the petitions.

In 1970 petitioner enlisted in the Air Force and was initially stationed at Lackland Air Force Base in San Antonio, Texas. Petitioner married Myrna Lenore Schuller on June 12, 1971. Petitioner resided in Texas until 1980, when he moved

[*3] to New Mexico. He moved back to Texas in 1984 and remained there until 1988, when he returned to New Mexico.

In 1992 petitioner retired from the Air Force. Petitioner and Myrna Schuller divorced in 1994 in Bexar County, Texas. Petitioner did not appear at the Bexar County Court hearing; instead, he made a special appearance to dispute the Bexar County Court's jurisdiction. As a result of petitioner's failure to appear, the divorce was a default decree, and the court awarded petitioner's former wife 60% of petitioner's Air Force retirement pay as her sole and separate property.

Petitioner contested the divorce decree and did not pay any portion of his Air Force retirement pay to his former wife until 1998, when the Defense Finance and Accounting Service (DFAS) began distributing 50% of petitioner's Air Force retirement pay directly to his former wife and 50% to petitioner.

For tax years 2007 and 2008 DFAS distributed $15,384 and $15,738, respectively, to petitioner and $15,384 and $15,738, respectively, to petitioner's former wife. DFAS issued to petitioner Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for tax years 2007 and 2008, which show taxable distributions to petitioner of $15,384 and $15,738, respectively.

**[\*4]**  On his tax returns for tax years 2007 and 2008, petitioner reported pension and annuity income of $15,384 and $18,887, respectively.  Petitioner reported these pension and annuity amounts as nontaxable income.  Petitioner claimed alimony deductions of $15,384 and $15,738, respectively.

In the notice of deficiency for tax year 2007, respondent included $15,384 in income and disallowed a claimed alimony deduction of $15,384.  In the notice of deficiency for tax year 2008, respondent included $15,738 in income, disallowed a claimed alimony deduction of $15,738, and determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a).  Respondent did not include in income $3,149 of pension and annuity income reported as nontaxable on the 2008 return.

## OPINION

The Commissioner's determinations are presumed correct, and generally the taxpayer bears the burden to prove that the deficiencies are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner does not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

**[*5]** I.  Pension Payments

Section 61(a) provides:  "[G]ross income means all income from whatever source derived, including (but not limited to) the following items:  * * * (11) Pensions".  Petitioner contends that military retired pay is not a pension and is not taxable as pension income.  At trial, petitioner cited Department of Defense Financial Management (DoDFM) Regulation 7000.14-R, volume 7B, chapter 29, paragraph 290613 (promulgated in February 2009) (DoDFM regulation, para. 290613).  DoDFM regulation, para. 290613 states that "[t]he designated agent cannot honor awards based on the value of what has accrued because military retired pay does not accrue over time.  Military retired pay is not a pension.  Rather, it is a statutory entitlement computed at the time the member retires, and it is based on the member's rank and total years of service at the time of retirement."  In December 2010 DoDFM regulation, para. 290613 was replaced by DoDFM Regulation, 7000.14-R, volume 7B, chapter 29, paragraph 290614.

The purpose of DoDFM regulation, para. 290613 and the accompanying DoDFM regulations is not to address the tax treatment of military benefits.  Rather, their purpose is to explain to former spouses how to apply for payments from military retired pay.  See Dep't of Def. Fin. Mgmt. Reg. 7000.14-R, vol. 7B, ch. 29, para. 2901 (February 2009).  For instance, DoDFM regulation, para.

**[\*6]** 290613 explains how military retired pay works and how it is different from a typical pension; e.g., there is no accrued amount to distribute between spouses for military retired pay.

The DoDFM regulations implement the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. sec. 1408 (2006). The USFSPA was enacted to address issues that arise when a member of the military divorces. The purpose of the USFSPA is not to address the tax treatment of military benefits. Rather, its purpose is to permit Federal, State, and certain other courts to consider military retired pay when fixing property rights between parties to a divorce, dissolution, annulment, or legal separation. S. Rept. No. 97-502, at 1 (1982), 1982 U.S.C.C.A.N. 1596, 1596. Petitioner's reliance on the DoDFM regulations and the USFSPA therefore is incorrect.

Pension and retirement allowances paid either by the Government or by private persons constitute gross income unless excluded by law. Sec. 1.61-11(a), Income Tax Regs.; see also sec. 1.61-2(a)(1), Income Tax Regs. There is no law which excludes military retired pay from income. In fact, DFAS issues Form 1099-R, which specifically provides the taxable amount of military retired pay to military retirees and former spouses receiving military retired pay.

**[\*7]** The Court has held that a "military retirement pension, like other pensions, is simply a right to receive a future income stream from the retiree's employer." Eatinger v. Commissioner, T.C. Memo. 1990-310, 1990 Tax Ct. Memo LEXIS 328, at \*6. The Court has further held that we would not agree with the position that military retired pay is not a pension within the meaning of section 61(a)(11). See Pfister v. Commissioner, T.C Memo. 2002-198, aff'd, 359 F.3d 352 (4th Cir. 2004); Weir v. Commissioner, T.C. Memo. 2001-184. Petitioner's pension amount is equal only to the payments he received from DFAS and does not include an additional pension amount equal to the payments made to his former wife. Accordingly, we hold that the military retired pay of $15,384 and $15,738 that petitioner received for tax years 2007 and 2008, respectively, is gross income.

II. Alimony Deduction

Section 215(a) allows a deduction of an amount equal to the alimony or separate maintenance payments paid during such individual's tax year. In order to qualify as alimony, the payments must meet the specifications of section 71(b). Sec. 215(b). Section 71(b) provides, in pertinent part, as follows:

> SEC. 71(b). Alimony or separate maintenance payments defined.--For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

[*8]  (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Transfers of property, including a debt instrument of a third party or an annuity contract, do not qualify as alimony or separate maintenance payments. Sec. 1.71-1T(b), Q&A-5, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).

Before the enactment of the USFSPA, former spouses had no right to receive a portion of a member's military retired pay. See McCarty v. McCarty, 453 U.S. 210 (1981). The USFSPA was enacted to allow courts to award spouses and

[*9] former spouses an interest in a member's military retired pay.  See S. Rept. No. 97- 502, supra at 1, 1982 U.S.C.C.A.N. at 1596.

In general, the USFSPA, 10 U.S.C. sec. 1408(c)(1), provides that "a court may treat disposable retired pay payable to a member * * * either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."  The USFSPA specifically allows State courts to treat military retired pay "either as the property solely of the member or as the property of the member and his spouse."  S. Rept. No. 97-502, supra at 4, 1982 U.S.C.C.A.N. at 1598; see also Pfister v. Commissioner, T.C. Memo. 2002-198.

Petitioner contends that the payments made to his former spouse are alimony and that his position is consistent with Proctor v. Commissioner, 129 T.C. 92 (2007).  In Proctor we held that a taxpayer's military retired pay payments to a former spouse met the specifications of section 71(b)(1) and were deductible pursuant to section 215.  Id. at 97.  The facts in these cases differ from those of Proctor.  The divorce decree in Proctor required the taxpayer to pay his former spouse 25% of his military retired pay, and the taxpayer made payments directly to his former spouse.  Id. at 93-94.

In these cases the Bexar County Court issued a default decree which awarded 60% of petitioner's military retired pay to his former wife as her sole and separate

[*10] property.  Petitioner contested the divorce and made no payments to his former wife.  In 1998 DFAS began distributing 50% of petitioner's military retired pay to his former spouse.

Petitioner testified that he did not make cash payments to his former wife in 2007 and 2008 and that DFAS made payments to his former wife.  Because DFAS made payments directly to petitioner's former wife, and these payments were not owed by DFAS to petitioner or otherwise includible in his income, these payments are not alimony and cannot be deducted pursuant to section 215.

## III.  Accuracy-Related Penalty

Respondent determined that petitioner was liable for the accuracy-related penalty pursuant to section 6662(a) for tax year 2008.  Section 6662(a) adds to a tax 20% of any underpayment attributable to:  (1) negligence or disregard of rules or regulations within the meaning of section 6662(b)(1); or (2) any substantial understatement of income tax within the meaning of section 6662(b)(2).  Only one accuracy-related penalty may be applied with respect to a given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b).  Sec. 1.6662-2(c), Income Tax Regs.  Section 6662(d) defines "substantial understatement".  Generally, an understatement is the excess of tax required to be shown on the return less the amount of tax actually

**[\*11]** shown on the return. Sec. 6662(d)(2)(A); sec. 1.6662-4(b)(2), Income Tax Regs. An understatement is substantial if it exceeds the greater of $5,000 or 10% of tax required to be shown on the return. Sec. 6662(d)(1)(A); sec. 1.6662-4(b)(1), Income Tax Regs.

The Commissioner bears the burden of production with respect to this penalty. Sec. 7491(c). This burden is satisfied if the Commissioner comes forward with "sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The notice of deficiency for tax year 2008 shows $16,051 as the total tax that petitioner should have shown on his 2008 tax return; petitioner showed $7,638. Petitioner therefore understated his income tax for 2008 by $8,413, which exceeds both $5,000 and 10% of income of the tax required to be shown on the return. Respondent has met the burden of producing evidence showing that petitioner is liable for the accuracy-related penalty.

Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447. The taxpayer bears the burden of both production and proof regarding exceptions to the substantial understatement penalty, and "the Commissioner need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions." Higbee v.

[*12] Commissioner, 116 T.C. at 446; see also Brown v. Commissioner, T.C. Memo. 2011-83, aff'd, 693 F.3d 765 (7th Cir. 2012). Petitioner has not satisfied his burden to show he is not liable for the penalty.

If there is substantial authority for the taxpayer's treatment of an item on the return, the tax attributable to that item is not included in the understatement. Sec. 6662(d)(2)(B)(i); sec. 1.6662-4(d)(1), Income Tax Regs. There is substantial authority for the taxpayer's treatment of an item if substantial authority exists either when the taxpayer files the return or on the last day of the tax year to which the return relates. Sec. 1.6662-4(d)(3)(iv)(C), Income Tax Regs.

Petitioner cites DoDFM regulation, para. 290613. DoDFM regulation, para. 290613 does not provide substantial authority for petitioner's position because it is not "a well-reasoned construction of the applicable statutory provision." Sec. 1.6662-4(d)(3)(ii), Income Tax Regs. The DoDFM regulations apply to the implementation of the USFSPA and not to the implementation of sections 71(b) and 213. Moreover, DoDFM regulation, para. 290613 does not apply for the year at issue because it was not in effect for 2008.

Judicial opinions can be substantial authority for a taxpayer's position. Sec. 1.6662-4(d)(3)(iii), Income Tax Regs. Petitioner relies on Proctor, but, as

**[\*13]** discussed above, <u>Proctor</u> is distinguishable from these cases because the taxpayer in that case made payments directly to his former spouse.

If a taxpayer had reasonable cause for and acted in good faith regarding part of the underpayment, no penalty is imposed on that part. <u>See</u> sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Petitioner contends that he believed that military retired pay was not a pension and that the payments made to his former wife were alimony. An important factor for demonstrating reasonable cause and good faith is the extent of the taxpayer's effort to determine the proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner testified that he received a Form 1099-MISC, Miscellaneous Income, for tax year 2008 for military retired pay of $15,738 and that the Form 1099-MISC did not include any payments made to his former spouse. Petitioner, however, received a Form 1099-R, which specifically provided the amount of petitioner's military retired pay includible in petitioner's taxable income, consistent with our holding. Petitioner did not explain what efforts he took to determine the proper tax liability at the time of filing his 2008 tax return.

We hold that petitioner is liable for the substantial understatement penalty under section 6662(a) and (b)(2). We need not address the applicability of the penalty on the grounds of negligence or disregard of rules or regulations within the meaning of section 6662(b)(1) for 2008. <u>See</u> sec. 1.6662-2(c), Income Tax Regs.

**[\*14]** Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.